Meadow, Ad., et al v. Wise.

———

MEADOW, AD., ET AL V. WISE.

41 285
65 215
41 285
66 170

41 285
f82 420

1. MORTGAGEE: *His interest not subject to execution.*

A mortgagee's interest in the mortgaged property is not subject to attachment or execution, even after default and where the condition of the mortgage has been broken.

2. SAME: *Right of action for trust property.*

The trustee and the beneficiary of a trust may maintain trover for conversion of the trust property.

Meadow, Ad., et al v. Wise.

(The conversion in this case was by a constable who seized the property under an attachment for a debt against the beneficiary.—REP.)

3. OFFICER: *Liability for abuse of process.*

An officer acting under process fair upon its face and issuing from a tribunal or person having judicial power with apparent jurisdiction to issue such process, is justified in obeying it, against all irregularities and illegalities except his own; but in levying an attachment or execution which specifies no particular property to levy on, he is bound at his peril to know that the property he seizes is the property of the defendant in the writ and subject to execution; and for a mistake in seizing property of a wrong party or seizing and selling property of the defendant exempt from execution, he is liable, irrespective of the innocence of his intent.

APPEAL from *Columbia* Circuit Court.
Hon. C. E. MITCHELL, Circuit Judge.

*J. M. Kelso* and *Smoote & McRae,* for appellants.

1.    While a ministerial officer may justify under process regular on its face, and issued by a court with apparent jurisdiction, still, where he has knowledge of previous defects he is not protected. *1 Wis., 457; 31 Iowa, 533; 91 Ill., 324.*

2.    The process was not regular or fair on its face. The law on which the process is issued is a part of the process, and an officer must know the law. *36 Ark., 268; 21 N. H., 252; 14 Wall., 663; 5 Wend., 171; 1 Gray, 45; 3 A. K. Marsh, 70; 3 Biss., 13; 44 Conn., 371; 14 M. & W., 57.* Any substantial defect appearing on the face of the process, vitiates it as a justification. *12 Ad. & El., 472; 1 Wis., 457; 4 Wis., 163.* It recites no judgment. Before property can be sold under an attachment there must be a judgment. *Gantt's Dig., secs. 453-4-5-6, 424, 425; 34 Ark., 707.* The order specified no time or place of sale. *Gantt's Dig., sec. 428.*

An officer who abuses process becomes a trespasser *ab initio. 29 Vt., 444; 9 Wend., 431; 39 Me., 29; 6 Ric., 454; 61 Me., 529.* The sale was not made at the place directed.

See also upon the subject of justification under process, *14 Am. Decis., 365, and note to 21 Ib., 190.*

*Montgomery & Hamby*, for appellee.

The judgment rendered by the justice of the peace ought to be sustained. *Freeman on Judgments, secs. 53 to 56;* also, *secs. 87 and 88, and secs. 116 to 132, and 454 to 611; Central Law Journal, vol. 12, pp. 118 and 119; and vol. 11, p. 275; and vol. 14, p. 80.* See also *36 American Reports, p. 730.* Lien of plaintiff in original suit attached by levy. See *19 Ark., p. 376; Gantt's Digest, sec. 404.* Administrator's death did not displace the lien. *31 Ark., 392.*

Return of officer (constable) conclusive, and if not true, the remedy is for false return. *25 Ark., p. 311.* Same authority when return omits to state the manner of sale, etc.

Every act required by law of an officer will be presumed to have been done till the contrary is shown. *30 Ark., 69.*

Replevin or action to recover personal property taken on mesne process does not lie. *14 Am. Dec., 331.*

The measure of damages in a case of this kind is the dimunition in price, and not the whole value of the property. *18 American Decisions, p. 76.* Appellee may show, as justification, that he acted under order of court. *19 American Decision, p. 122; 9 Ark.. p. 139;* and *Smith's Leading Cases, p. 764 of vol. 1.*

Appellee was a ministerial officer, and must obey process. *23 American Decisions, p. 393;* and *21 American Decisions, p. 190.*

Plaintiff's remedy was under *secs. 4727, 4732, Gantt's Dig.*

SMITH, J. This was an action against a constable for the sale and conversion of certain chattels alleged to be the property of the plaintiffs, who were respectively the trustee

and the administrator of the beneficiary in a deed of trust. The answer denied the plaintiffs' property and justified under legal process.    There was a trial before the court, sitting as a jury, which found that the law and the facts were in favor of the defendant and judgment was entered accordingly.

It appears from the evidence that on the fourth day of January, 1879, William M. Blakeley sold to Clark and Martin two mules, a wagon and a stock of hogs and cattle upon a credit, taking their promissory note, payable November 1st, 1879, and secured by a deed of trust, duly acknowledged and recorded, upon the property purchased, as also upon their crops to be raised during that year.    In May, 1879, one Gibson brought an action on a contract against Blakeley for $205.75, before a justice of the peace and sued out an attachment, which came to the hands of the defendant to be executed and was by him levied on the mules, wagon, hogs, and cattle above mentioned· The affidavit for attachment alleged the non-residence of Blakeley as the ground for praying the writ, and it and the bond conformed substantially to the statute.    A warning order was published for Blakeley, and Kelso, the trustee in the deed of trust, was appointed his attorney *ad litem*. Afterwards, Blakeley's death was suggested and upon motion of Gibson's attorney, Kelso was appointed his administrator *ad litem*.    There is no proof in the record that Kelso was present in the court of the justice of the peace when these proceedings were had, nor that he accepted either of said appointments.    He says himself, that when approached on the subject by Gibson's attorney before the appointment was made, he distinctly declined to act, and that he had never recived any notification of the fact that he had been so appointed, except that the justice had mentioned it to him in conversation.

In October, 1879, judgment was rendered by the justice

against Blakeley for the debt, and the property that had been attached by the constable was condemed to be sold for its satisfaction ; the bond for restitution of the property, or its value, in case the defendant should, within five years, appear in court and have judgment set aside, having been first filed. (See *Gantt's Dig.*, sec. *4727, clause 2*).

On the same day the following order of sale was issued:

STATE OF ARKANSAS, COUNTY OF COLUMBIA.

JOHN K. GIBSON,  
    *vs.*  
W. M. BLAKELEY.

To J. B. Wise, Constable Buena Vista Township :

Whereas, J. K. Gibson has sustained his attachment in my court against W. M. Blakeley, you are commanded to sell the property attached. (describing it).

[Signed]                  L. W. PAYNE, J. P.

The property was sold under this order and produced $111, which was paid over to Gibson's attorney.

This court, in *Trapnall's Admix. v. State Bank, 18 Ark., 63*, decided that the estate of the mortgagee in land, before foreclosure or entry, is not the subject of execution, even after default and when the condition of the mortgage has been broken. The same rule applies with equal force to mortgages or deeds of trust upon personal property. Being mere pledges for the security of a debt, they are discharged when the debt is paid ; title is revested, without further formality, in the mortgagor or grantor, and any title acquired by the levy of a creditor of the mortgagee is defeated. And not being subject to execution, it follows that the mortgagee's right is not subject to attachment, which is but a preliminary execution. *Grubbs v. Ellyson, 23 Ark., 287.*

1. Mortgagee's interest not subject to attachment or execution.

The first of the pleas above mentioned was probably intended to raise the question whether the trustee and the beneficiary of a trust have such an interest in the trust prop-

2. TRUSTEE AND CESTUI QUE TRUST: Right of action for trustproperty.

31—R

Meadow, Ad., et al v. Wise.

erty as to maintain trover for its conversion. That question must be considered to be foreclosed in this court by the case of *Robinson v. Kruse, 29 Ark., 575*; see also *Prout v. Root, 116 Mass., 410*—a case similar to this in its essential features.

*2 Officer's liability for abuse of process.* But it is upon the plea of justification as a ministerial officer acting in the execution of legal process, that the defendant mainly relies to sustain the judgment below.

Since the case of *Savacoal v. Boughton, 5 Wendell, 170,* it may be taken as settled that the law throws its protecting shield around officers executing the mandates of its courts, so long as they do only what they are commanded to do, without requiring them to determine whether it is rightly and properly commanded or not.

Hence an officer acting under process fair upon its face and issuing from a tribunal or person having judicial powers, with apparent jurisdiction to issue such process, is justified in obeying it, against all irregularities and illegalities, except his own. In the notes to that case, *21 Am. Dec., 190, and Big. Lea. Cas. on Torts, 277,* may be found a satisfactory exposition of this doctrine with its qualifications and limitations.

Now, however regular the process may be, it will not justify a seizure of the property of the wrong person, or the wrong property of the right person. Take the familiar case where, on process against A., the officer levies on the goods of B., or seizes and sells property of the debtor which is by law exempt from execution. In all cases where the writ commands the officer to make certain sums of money, out of the property of a person named, without specifying the property to be seized, the officer has to determine, at his own peril, in the first place, whether the property which he proposes to seize is the property of the defendant in the writ; and secondly, whether it is legally liable to be so taken. And against the consequences of an

erroneous exercise of his judgment in the determination of these questions, the courts can afford him no protection. He is liable to actions for injuries growing out of such mistakes, irrespective of the innocence of his intent, *Freeman on Executions,* § *272*; *See Atkinson v. Gatcher, 23 Ark., 101; Buck v. Colbath, 3 Wall., 335; Sanborn v. Hamilton, 18 Vt., 590.*

In the case in hand, the writ under which the defendant acted was an order of general attachment, commanding him to attach the property of Blakeley, Under the mandatory clause of this process, he attached property, the legal title to which was in Kelso, and the beneficial ownership in Clark and Martin, but in which Blakeley had not the vestige of a title, either legal or equitable. Did the law command him to do this? Assuredly not. But it left him to find out for himself whether Blakeley had any leviable interest in this or any other property. Can any court protect him against a prosecution by the party aggrieved? Not at all; because no court is responsible for the manner in which he exercised that discretion which the law reposed in him alone. He could not have been sued for a refusal to levy upon this particular property. And if he had any doubts whether it was subject to execution, he could have demanded of the plaintiff in the attachment a bond of indemnity. *Gantt's Dig., secs. 2650–1.*

The officer is bound to know the law and bound also to know the contents of his process.

In truth this plea of justification did not even aver that. the goods were the property of the defendant in the writ of attachment. This was a fatal defect, *Buck v. Colbath, supra.*

So then the original taking was unlawful, because it was an unauthorized intermeddling with the goods of a third person not named in the writ. And this, when followed by a sale, is an unauthorized disposal of the goods of another, which is another name for conversion, *Garland v. Carlisle,*

*4, Cl. and Fin., 721* ; *Cooper v. Chitty, 1 Burr., 20,*
per Lord Mansfield ; *Calkins v. Lockwood, 17 Conn.,*
*154* ; *Billiter v. Young, 6 El. and Bl., 1.*

Reversed and remanded for a new trial.