## MILLS *v.* PRYOR.

### Opinion delivered April 2, 1898.

1. LANDLORD'S LIEN—WHAT PROPERTY EXEMPT.—The statute giving a
   landlord a lien on "the crop grown on the demised premises in any year
   for the rent that shall accrue for that year" (Sand. & H. Dig., § 4794)
   impliedly exempts all other property of the tenant from the lien, in-
   cluding crops not grown the year the rent accrues. (Page 215.)

2. REPLEVIN—WHEN LIES.—Under Sand. & H. Dig., § 6384, allowing re-
   plevin to lie in case of seizure under execution or attachment of prop-
   erty "that is by statute exempt from such seizure," a tenant may re-
   cover by replevin property seized under a specific attachment to enforce
   a landlord's lien to which the property seized was not subject. (Page
   215.)

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

*W. S. & Farrar L. McCain* and *J. C. Head*, for appellants.

The defendant in an attachment cannot bring replevin
against an officer holding the goods under the attachment.
Sand. & H. Dig., §§ 397 and 6384, clause 5; 4 Ark. 525; 52
*ib.* 195.

RIDDICK, J. The appellee, Pryor, rented land from one
Hawkins during the years 1889 and 1890. He paid the rent
for the year 1889, but failed to pay the rent for the year
1890, and Hawkins, the landlord, sued out a specific at-
tachment against the crop to recover the rent due for the
year 1890. This writ came to the hands of appellant as
sheriff of Little River county, and was by him levied, not only
upon the crop grown by Pryor in 1890, but upon sixty bushels
of corn grown in 1889, which had been kept separate from the
corn grown in 1890, and upon which the landlord, Hawkins,
had no lien. The appellee, Pryor, brought this action of re-
plevin to recover the sixty bushels of corn from the sheriff, al-
leging in his affidavit that the corn was by statute exempt from
seizure under the attachment. His right to bring replevin is

denied, and whether that was a proper remedy in this case is the question we are asked to determine.

Our statute permits one against whose property an execution or attachment has been issued to bring replevin to recover property seized under such execution or attachment, if such property is exempt by statute from such seizure. Sand. & H. Dig., § 6384. The purpose of the statute was to afford a speedy remedy by which property thus unlawfully seized and detained can be recovered. It may be that the main object of this statute was to protect residents of the state in their right to hold property which the law expressly exempts from execution and attachments, but it seems to us that the case of the plaintiff here comes also within the language and meaning of the act. *Meadow* v. *Wise*, 41 Ark. 285; *Little.* v. *Bond*, 49 *ib.* 114; *Dunham* v. *Wyckoff*, 20 Am. Dec. 696, and note; *Wilson* v. *Stripe*, 61 Am. Dec. 138. This corn was certainly not subject to the attachment under which it was seized. The landlord's lien act provides that the "landlord shall have a lien upon the crop grown upon the demised premises in any year for rent that shall accrue for such year;" and, under certain circumstances, it authorizes a specific attachment against the crop to enforce the lien. Sand. & H. Dig., §§ 4794, 4802. In giving a lien upon the crop for rent that accrues the year the crop is grown, the statute impliedly exempts all other property of the tenant from such lien, and from the specific attachment by which it is enforced. Without any straining of terms, it can, we think, be said that this corn was by statute exempt from seizure under the writ of attachment held by appellant.

There are strong reasons why the right to bring replevin should be allowed in such a case as this. Tenants of farm lands are not, as a class, opulent, and it is not improbable that the plaintiff in this case had an actual present need for the use of this corn. The landlord had no lien upon it, and the sheriff had no more right to seize it under the specific attachment than he had to take a mule of the tenant or the property of some third person. *Meadow* v. *Wise*, 41 Ark. 285.

The taking and detention were both unlawful, and, although there were other remedies open to the tenant, we think that under the statute he had the right to bring replevin.

The judgment of the circuit court awarding the property to him is therefore affirmed.