## McFALL *et al.* v. ELMORE.

No. 638, Ind. T.   Opinion Filed March 10, 1908.

(94 Pac. 545.)

REPLEVIN—When Lies—Attached Crops of Subtenant.   Replevin is a proper remedy to recover crops of a subtenant seized by a constable under a writ of attachment issued for the purpose of enforcing a landlord's lien for rent against the tenant in chief, when such crops were not subject to such lien at the time the attachment was issued.

(Syllabus by the Court.)

*Error from the United States Court of the Southern District of the Indian Territory; before J. T. Dickerson, Judge.*

Action by T. Elmore against J. L. McFall and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Thomas Norman, Morris & Hayes, H. A. Ledbetter, Mullen & Mullen,* and *Cabell & Dean,* for appellants.
*J. H. Harper,* for appellee.

KANE, J.   This is an action in replevin for the recovery of specific personal property, brought by the appellee, plaintiff below, against J. L. McFall. McFall, as constable, seized the property under an attachment for rent issued in a certain cause wherein W. D. McIntyre was plaintiff and J. R. Eidson was defendant. McFall executed a redelivery bond, and retained possession of the property, which was afterwards sold, and the proceeds applied on a judgment recovered by McIntyre against Eidson in the action to recover rent. McIntyre claimed his lien by virtue of a written contract whereby he leased certain lands to Hamm and Cole for the

year 1902; and Hamm and Cole assigned the lease to Eidson, and Eidson sublet part of the land to the appellee who raised thereon the crop seized by the constable. The crop at the time of the seizure was on the demised premises, and McIntyre claimed to have a landlord's lien against it on account of rent due him from Eidson. The appellee insisted that he was not holding as a subtenant under the written lease, but under another oral lease made between Eidson and McIntyre for the land occupied by the appellee, and that the rent for that particular land being fully paid no landlord's lien attached to the crop raised thereon. Before the trial below McIntyre was made a party defendant, and he thereupon entered his appearance, filed his answer, and participated in all the proceedings thereafter had in said cause.

The cause was tried to a jury; the jury found the facts in favor of the appellee, and the court rendered judgment in his favor and against both McFall, the constable, and McIntyre for the return of the property or the value thereof. From this judgment the appellants appealed to this court, assigning as error the following:

"(1) The court erred in overruling the defendants' motion for a continuance. (2) That the court erred in refusing to sustain the defendants' motion asking for a peremptory verdict for the defendants, and in overruling the defendants' demurrer to the plaintiff's evidence. (3) The court erred in giving instructions Nos. 3 and 5. (4) The court erred in rendering judgment upon the verdict of the jury against both defendants."

There is no merit in the appellants' first contention. If this witness was duly subpœnaed to be present, as is stated in the affidavit for continuance, appellants were entitled to an attachment to compel his attendance; no attachment was requested as far as the record shows. Nor is there anything to indicate that the witness was beyond the jurisdiction of the court and could not be reached by an attachment in due time.

The court instructed the jury properly. The only questions of fact were sufficiently covered. The main issue of fact between the parties was whether Eidson made an oral lease with McIntyre

for the land sublet to the appellant, and if the rent for this particular ground was fully paid before McIntyre issued his attachment for rent. This was a material question, for if the jury found in favor of the plaintiff, McIntyre would not have a landlord's lien on his crop.

"Any person sub-renting lands or tenements shall only be held responsible for the rent of such as are cultivated or occupied by him." (Section 4455, Mansfield's Digest.)

McIntyre was to all intents and purposes the real party in interest, and it was not error to make him a party to the suit and render judgment against him for the return of the property or its value. If the property could not be returned, as in this case, it could not, by reason of the execution of the redelivery bond, and the sale of the property to satisfy McIntyre's judgment. Particularly is this true where a party, as McIntyre did, files his answer, and makes defense on the merits of the case.

The other questions raised by the appellants in their brief, viz., that the property after McIntyre's attachment, was in *custodia legis*, and that the only remedy open to the appellee was the statutory remedy to try the rights of property in the attachment suit, are all decided against the appellants by the Supreme Court of the state of Arkansas. In the case of *Mills v. Pryor*, 65 Ark. 214, 45 S. W. 350, the second syllabus reads as follows:

"Under Sand. & H. Dig. § 6384, allowing replevin to lie in case of seizure under execution or attachment of property 'that is by statute exempt from such seizure,' a tenant may recover by replevin property seized under a specific attachment to enforce a landlord's lien to which the property seized was not subject."

The part of the statute above construed is identical with the fifth subdivison of section 5572 of Mansfield's Digest of the Arkansas Statutes [Ind. T. Ann. St. 1899, § 3543, subd. 5], which was in force in the Indian Territory when this replevin suit was brought. Following the rule laid down by the Supreme Court of Arkansas, it follows that replevin is a proper remedy to recover crops of a subtenant seized by a constable under a writ of attach-

ment issued for the purpose of enforcing a landlord's lien for rent against the tenant in chief, when such crops were not subject to such lien at the time the attachment was issued. Mr. Justice Riddick, in discussing *Mills v. Pryor, supra,* says:

"There are strong reasons why the right to bring replevin should be allowed in such a case as this. Tenants of farm lands are not, as a class, opulent, and it is not improbable that the plaintiff in this case had an actual present need for the use of this corn. The landlord had no lien upon it, and the sheriff had no more right to seize it under the specific attachment than he had to take a mule of the tenant or the property of some third person. The taking and detention were both unlawful, and, although there were other remedies open to the tenant, we think that under the statute he had the right to bring replevin."

It follows that the judgment of the court below must be affirmed.

Williams, C. J., and Dunn and Turner, JJ., concur; Hayes, J., being disqualified, not sitting.