Carvill, Ad. v. Jacks, Ad.

CARVILL, AD. v. JACKS, AD.

43   439
c90   64

1. DECREE: *Parties to, bound by finding of facts.*
   A party to a suit in equity is bound by the finding and decree of the court, and is estopped to deny in a subsequent suit a material fact charged in the pleading and found by the court.

2. DAMAGES : *Fraudulent representations in sale of lands.*
   The measure of damages for breach of the usual covenants of a deed is the purchase money and interest. Nothing can be allowed for improvements and the increased value of the lands. But where the vendee is induced to purchase by the fraudulent representations of the vendor as to his title, he may, upon eviction by a better title, recover of his vendor all the damages naturally resulting from the fraud, although the land was conveyed by deed with warranty. The action is upon the fraud, not upon the covenants of the deed ; and the rule of damages for breach of the covenants does not apply.

ERROR to *Phillips* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.


*James P. Clarke*, for Plaintiff.

The *fact* of the redemption by the Ewart heirs, being prior to the sale to appellant's intestate, is *conclusively* established by the record in the Ewart v. Carville suit, to which appellee's intestate Jacks was a party duly served with process but made default, and Jacks was conclusively bound by the determination of that suit, since he had an opportunity of controverting plaintiff's cause of action and refused to do so. *Abbott's Trial Evidence, pp.* 829-832.

It was an error to exclude evidence of the value of improvements as an element of damages, on the ground that *Sec.* 2267, etc., *Gantt's Dig.* applied only to adults. *Haney v. Cole,* 28 *Ark.,* 299. The statute makes no exception in favor of infants or others, and the courts can make none. 6 *Ark.,* 14; 13 *Id.,* 291; 16 *Id.,* 694; 20 *Id.,* 18.

*Tappan & Horner*, for Defendant.

The declaration of law made by the court was proper and legal. *Pitcher v. Livingstone,* 4 *J. R., page* 1.

The finding was for the appellee, and this court will not disturb, where there is not a total want of evidence. 19 *Ark.,* 117; *Ib.* 559; 21 *Id.* 306.

Appellant's intestate was not an ignorant stranger, dealing with appellee's intestate for the land, nor was he in a position to be imposed on, for he knew all about the title, and the claim of the Ewarts. Review the evidence and contend that the finding was sustained by it.


DuVAL, SPECIAL JUDGE. On 2d day of November,

1881, the appellant sued the appellee for damages arising out of the sale of a certain tract of land by the appellee to appellant's intestate.

The material allegations of the complaint are that George A. Carvill, appellant's intestate, on 22d day of May, 1879, purchased from appellee a tract of land in Phillips county, Arkansas, describing the same as the Ewart place, and also by the sub-division of section, township, and range. That he paid the consideration of five hundred and fifty dollars, and went into possession under the purchase.

That appellee executed to the defendant a deed of conveyance with covenants of warranty against the claims of all persons except the Ewart heirs, who were to have a reasonable time to redeem. That appellee represented that he held the land by purchase at a tax sale, May 13, 1872, and had a deed therefor; that his claims were in full force, and that his vendee would be entitled to a compensation in the event of redemption, according to the provisions of the statute in force at the time of the sale for taxes.

That relying upon these representations appellant's intestate paid the consideration, went into possession of the place, paid taxes and made improvements of the value of $1,800.

That suit was instituted against plaintiff's intestate by Helen Ewart and others, heirs at law of A. B. Ewart, the former owner of the place, for possession; claiming that the amount due the appellee had subsequent to the sale for taxes, and long prior to the institution of said suit, been paid, and thereby the claims of said Jacks and all other persons claiming under him were extinguished; to which suit the said appellee was a party duly served with process and failed to answer, or in anywise deny allegations of the complaint; and that a decree was rendered in favor of the plaintiffs in said suit against the appellant's intestate for the possession of the land.

That the appellee knew that the place had been redeemed before selling to the deceased, and that all of his representations in respect to his right and title to the place and what would pass to his vendee were false and fraudulent, and that his intestate was induced thereby to buy said land and erect valuable improvements thereon, whereby he had sustained damage in the sum of two thousand and two hundred dollars.

On 21st day of November, 1881, the appellee appeared and filed his answer, in which he admits the sale of the land as stated; that the consideration was nominally $550, but was really a lot of lumber and a debt due from another person; admits the consideration was paid and defendant went into possession; that appellee executed and delivered a deed containing covenants of warranty as stated in the complaint, but denies that the word redeem meant what it was alleged in the complaint to mean; denies that he represented that he had a tax title in full force, or that his vendee would be entitled to compensation according to the statute in the event of a redemption by the heirs of Ewart, or that he made any representations in regard to his title, or the compensation his vendee would be entitled to in the event of a redemption; that before and at the time of the sale the decedent was entirely familiar with his title, and only purchased of appellee the bare possession of the land; "and he said" he could purchase the interest of the heirs for $250, and "agreed if defendant would convey to him he would purchase from the said heirs, and the exception in favor of said heirs was intended to prevent said Carvill from in any manner claiming the land to their exclusion;" that he did purchase said land at a tax sale, under an agreement with the widow of the former owner that he was to hold same until "he was paid all sums she might owe him; that she sold a part of the land to S. S. Dawson, who agreed to pay the

defendant the amount then due, and defendant executed a receipt to Dawson for the amount; but said Dawson did not pay the same when due, and returned the receipt to be held until he should pay appellee all sums he should owe him ; that the heirs of Ewart, after the death of the widow, abandoned the land and he took possession ; that the said George A. Carvill desired the land, and believing if he could obtain possession he could for a small sum buy the title of the heir-, proposed to purchase, being at the time fully advised as to appellee's claim, and knew that he was only buying from appellee the possession ; and appellee made no representations to him that he claimed or would sell anything more than the possession ; and refused to sell until said George A. Carvill agreed to buy from said heirs; and subsequently told defendant that one of them offered to sell for fifty dollars, but that he would get it for twenty-five dollars; and that George A. Carvill lost possession by his refusing or neglecting to purchase from the heirs as he agreed with the defendant to do.

Admits that the decedent went into possession and made some improvements, but denies that the same were worth more than four hundred dollars.

An analysis of the prolix pleadings shows, when stripped of their superfluous and redundant words and phrases :

That the action is for damages occasioned by the fraudulent representations made by appellee in respect to his title to the property, in this, that the purchaser would be entitled to the value of improvements made on the land, and the purchase money paid for the purchase at the tax sale accordings to the statute, and that the tax purchase was in full force, and he, the appellee, had done nothing to impair his rights under it.

The appellant, plaintiff in the court below, alleged in the 1. Parties to decree

Carvill, Ad. v. Jacks, Ad,

bound by finding of facts.

complaint that the land had been redeemed long before, and the appellee's rights under his purchase had been extinguished; and that appellant's intestate had been evicted by a decree in favor of the Ewart heirs in a suit in which appellee was a party duly served and failed to answer; that he was damaged in the sum of $2,200.

The answer admits the sale, the execution of the deed and payment of the consideration; denies making any of the representions alleged in respect to redemptions; denies that the land had been redeemed; says he only sold the possession, which he took after the widow died and the heirs moved off.

The decree of the court in the suit of the Ewart heirs against appellant's intestate, appellee and others, decided that the land had been redeemed by Dawson for the widow and heirs, and upon that finding evicted the defendants therein, who held under appellee, without allowing them anything for taxes or improvements.

The appellee being a party to the suit is bound by the finding and decree of the court, and is estopped from denying that Dawson paid him the money for the redemption of the land as stated in his receipt.

The only issue therefore is, whether the appellee made the representations alleged; whether they were false and whether the appellant's intestate was induced to purchase the land by them, and was damaged.

The cause was submitted by consent to the court sitting as a jury, who having heard the testimony, and argument of counsel, found for appellee, and rendered judgment that the appellant as administrator take nothing by his suit and the appellee recover against him all the costs, for which execution might issue, to which ffnding and judgment of the court the plaintiff excepted.

The appellant filed a motion for a new trial on the grounds:

1. That the declarations of law made by the court are incorrect.

2. The findings of facts by the court are contrary to the evidence.

3. The court erred in excluding evidence as to value of improvements.

Which the court overruled, to which judgment the appellant excepted and prayed an appeal to this court, which was granted, time being allowed to prepare his bill of exceptions; it was subsequently signed by the judge and filed.

The court below declared the law as follows: "That to entitle plaintiff to recover in the action it was necessary for him to show by the testimony, that the defendant, at the time of the sale, made to the said George A. Carvill, some representations in regard to the title under which he held the land sold, which were false and fraudulent; that the same were made to induce the purchase by Carvill, and which did induce the said Carvill to make said purchase, and that by means of said false and fraudulent representations he suffered damages."

The court finds the facts to be that at the time of the sale of the Evart tract of land by T. M. Jacks, the defendant, to George A. Carvill, now deceased, the said defendant held the same by a tax deed, and that there was due him for taxes paid on the land the sum of about two hundred dollars, and that there were no fraudulent or deceitful representations made by defendant to said Carvill to induce the purchase.

It appears from the testimony that appellee first leased the land to appellant's intestate in the year, 1877, for five years; and in May, 1878, he entered into a contract in writing for the sale of land to said Carvill at a certain stip-

ulated price.   In this contract it is recited that the appellee held the land by virtue of a purchase at tax sale and that he had agreed with Mrs. Ewart that  she might  redeem  it under the law as it existed at the time of the purchase.

The appellant, who was plaintiff in the court below, testifies that he was present on two or three  occasions while the appellee  and  decedent  were  negotiating the sale and purchase of the Ewart place; on  these  occasions  the appellee represented that he held the land by a tax title, and that all his rights as purchaser at a tax sale would  pass  to  any person to whom he might sell; that the  heirs  of  A. P.  .Ewart, who formerly owned the place, were entitled to  redeem, but to do so they would have to pay the amount originally  paid and costs and all taxes subsequently paid thereon, and  one hundred per cent.; that he was present when the  sale  was finally made and knew it was made with this understanding by his intestate ; that he and his intestate sometime after the purchase went to appellee and told him  that Dawson and Clint Ewart claimed that the land had been redeemed years before; that appellee  stated  that the assertions of Dawson and Ewart were untrue, and reiterated that he held  the  land by virtue of a tax title, which the  Ewart heirs could  only defeat by redemption according to law ; he also told George A. Carvill to let the  Ewarts do and  say what they pleased, they could  get posession only by  redemption, and that it would be better for  him if they would  redeem, because he  would then get  more  than the place was worth.   Upon this assurance George  A. proceeded  with his improvements and remained in possession until he was evicted by the judgment of the court at the said suit of the Ewart heirs.

Croher, another witness, says that he heard appellee tell appellant's intestate, that the heirs  of  Ewart  could  only defeat the tax title which he proposed to convey to him by paying up all charges with one  hundred  per  cent. and the value of the improvements.

Appellee asserts in the contract of sale of May, 1878, that "Mrs. Evarts and her heirs had had possession and use of the place until last year, so there is no reduction on account of rent."

In the deed is inserted a condition. "The Ewart heirs are to have a reasonable time to redeem." The appellee, although not a competent witness in this action to testify as to transactions between him and decedent, if he had been objected to, did testify as a witness that there was due him from Mrs. Ewart when he made the trade with George A. Carvill, over two hundred dollars, for taxes paid after redemption which she never paid ; that he supposed there was due him all he sold the land for, at the time of sale ; says he gave Dawson the receipt but it was afterward given up and destroyed ; there was due over two hundred dollars for "subseqent taxes." This testimony was overcome by the finding and decree of the court in the case of the Ewart heirs against the Carvills and appellee, which were that the land had been redeemed by Mrs. Ewart long prior to the sale by him to decedent, and for that reason cancelled the tax deed to him and his deed to the Carvills.

If he had made the defense in that action and established to the satisfaction of the court that the land had not been redeemed, the suit of the Ewart heirs would have been dismissed, because of their failure to tender the taxes and value of improvements which had been made and paid by him and his vendees ; and if not dismissed, his co-defendants, who were his vendees, would have been allowed the full value of their improvements, taxes and penalties and costs according to the statute. In our opinion appellee's testimony ought not to be considered, and without it there is not a scintilla of evidence to sustain the finding of the court, that there were due him two hundred dollars for taxes paid on the land by him before he sold to the Carvills.

There can be no dispute that the appelle made the representations alleged in the complaint, for they are testified to by the witnesses; are repeated in the contract for the sale of the land in May, 1878. The decree of the court in the case of the Ewart heirs shows them to be false. In his answer he says he took possession of the land after the Ewart heirs left it; if it had been redeemed he was only a tresspasser. His theory that George A. Carvill paid or agreed to pay him five hundred and fifty dollars for bare possession of land which he expected to buy from the rightful owner for a small sum is not reasonable.

It is clearly shown by the testimony that the representations of appellee were not only false but were intended to deceive and the appellant's intestate was induced thereby to purchase from him what title he had, with the belief that in any event he would be protected under the law for the taxes with penalty and costs and interest, and the full value of his improvements before he could be deprived of the land.

It is contended that he is bound by the provisions of the deed which he accepted.

2. DAMAGES: For fraudulent representation in sale of land. If a person be induced by fraudulent statements to enter into a written contract, it is competent for him to prove fraud by evidence *aliunde*, although the written contract or deed of conveyance is silent on the subject to which the fraudulent representation refers. *Hotson v. Brown*, 9 *C. B.* (*N. S.*) *Doball v. Stevens*, 3 *B. & C.*, 623; *Holbrook v. Burt*, 22 *Pick.*, 546; *Kerr on Fraud and Mis.*, 388.

A purchaser may after conveyance bring an action on the case for a fraudulent misrepresentation of the property or title. *Gerhard v. Bates*, 2 *E. & Bl.*, 476; *Pillmore v. Hood*, 5 *Bing, N. C.*, 97; *Love v. Oldham*, 22 *Ind.*; *Shackleford v. Handy*, 1 *A. K. Marsh*, 370; *White v. Seaver*, 25 *Barb.*, 235; *Pearsall v. Chapin*, 44 *Penn., St.* 9; *Kerr on Fraud and Mistake*, 327.

· Carvill, Ad. v. Jacks, Ad.

Fraudulent representations or deceit accompanied by damage constitute a good ground of action in respect to a sale of land as much as in respect to personal property, and that too where the land had been conveyed by deed with covenants of warranty. 1 *Comstock*, 308 ; *Waddell v. For- diek & Davis*, 13 *Johnson*, 325 ; *Culver v. Avery*, 7 *Wendell*, 386 ; *Beach v. King*, 17 *Wendell*, 197 ; *Haight v. Hoyt*, 19 *N. Y.*, 464.

Damages are defined to be : "The indemnity recoverable by a person who has sustained an injury either in his person, property or relative rights through the act or default of another." 1 *Bouvier Dict.*, 420.

Generally the court is not particularly careful to weigh "*in golden scales*" the damages recoverable in tort. *Browne's Dict'y*, 102.

The general rule is that damages are, or ought to be, compensatory. *Yates v. Joyce*, 11 *Johns.*, 136 ; *Allison v. McClure*, 15 *Ohio*, 726 ; 16 *American R.*, 270.

In *Pitcher v. Livingston*, 4 *Johns. R.*, 11, the court say : " If any imposition is practiced by the grantor by the fraudulent suppression of truth or suggestion of falsehood in relation to his title, the grantor may have an action on the case in the nature of a writ of deceit, and in such action he would recover to the full extent of his loss."

In an action for fraudulent misrepresentation the plaintiff may recover damages for any injury which is the direct and natural consequence of his acting on the faith of defendant's representations. *Crater v. Bruniage*, 33 *N. Y. Law*, 513.

The intestate of the appellant was not required to exercise more than ordinary diligence in examining the title of the appellee. The latter had the deed of the Clerk of Phillips county conveying to him the land as having been purchased by him at a collector's sale for taxes, and this was on record, and he was in possession or exercising control over it.

29———43

He had in 1877 leased it to decedent for five years, and then sold it to him in 1878, and finally conveyed it to him in 1879, asserting all the time, verbally and in his written contract and deed, that he held the land by a tax title which had not been redeemed.

It would be unreasonable to hold that George A. Carvill did not believe these assertions as to the terms by which appellee held the land, and that he was not induced thereby to make the purchase from the appellee.

There was nothing upon the record to show that the land was redeemed, and when the Carvills went and told him that Dawson and Clint Ewart had notified them that the land had been redeemed, he indignantly denounced their statements to be false, and reiterated that the only way "the Ewart heirs could get possession was by redemption according to law."

The measure of damages in an action for the breach of the usual covenants in a deed, is the purchase money with interest. Nothing can be allowed for improvements and the increased value of the land. *Pitcher v. Livingston, ubi supra*, *Logan vs. Moulder*, 1 *Ark.*, 313.

This is now the universal rule in actions upon the breach of the covenants in the deed, but it is different in an action upon the fraudulent representations as to title or other material matters in respect to the land. In such cases the damage must be compensatory. The land in this case was purchased by the decedent for immediate use, and believing that he should be entitled to hold it until he should be paid the value of all improvements he might make, he had the right under the circumstances to recover them in this action; and his right derives additional force from the negligence or laches of the appellee, in failing to show if he could, in the suit of Ewart's heirs, that the land had not been redeemed. In that event the Carvills, as we have before stated, would

have been protected under sections 2267 *et seq.*, Gantt's Digest, which apply with equal force to the lands owned by infants and adults, which may be sold for non-payment of taxes due thereon.

The appellant therefore was entitled to show in the court below the damages which his intestate sustained which resulted naturally from the fraud of the appellee. This would have been but a fair compensation for the injury inflicted upon him by the fraud of the appellee, whose conduct gave him no claim to have "the damages weighed in golden scales."