## PEMBERTON *v.* BARKER.

### Opinion delivered April 22, 1918.

1. VENDOR AND PURCHASER—RIGHTS OF VENDOR—LIEN.—A. sold land to B., retaining a lien for $500. B. sold to C. and C. sold to D. B. then paid $172.97 on the note. A. then sued all the parties to collect the amount due. *Held*, a petition by B. claiming a lien against the land for the $172.97 paid by him as against C. and D. stated a cause of action, and a demurrer thereto was properly overruled.

2. JUDGMENTS—RES ADJUDICATA—VENDOR AND PURCHASER.—A. having sold land to B., B. selling to C. and C. to D. sued to collect

money due on a purchase note, secured by a vendor's lien, *held,* a decree on the merits in favor of A. against B. is not an adjudication of B.'s rights as against C. and D.

3.  JUDGMENTS—RES ADJUDICATA.—A judgment rendered by a court of competent jurisdiction on the merits is a bar to any further suit between the same parties, or their privies, on the same cause of action.

4.  VENDOR AND PURCHASER—RESALE—FORECLOSURE OF LIEN.—A. sold land to B., taking a note and retaining a vendor's lien. B. resold to C. In an action by A. against B. and C. to foreclose, *held,* B.'s claim against C. could be adjudicated.

Appeal from Fulton Chancery Court; *Geo. T. Humphries,* Chancellor; affirmed.

*Perry C. Goodwin,* for appellant.

1. It was error to overrule the demurrer as the complaint was not sufficient. 97 Ark. 118.

2. The matter was *res judicata.* 23 Cyc. 1106, 1135, 1139, 1170, 1295; 21 A. & E. Enc. L. 193, 216-17; 77 Ark. 379; 19 *Id.* 420; 76 *Id.* 423; 178 S. W. 381.

WOOD, J. On December 18, 1915, E. T. Brown sold to J. C. Barker a certain tract of land in Fulton County, Arkansas. Barker executed to Brown a note due December 1, 1916, in the sum of $500, and it was recited in the note that the same was ''given for balance of purchase price on the tract of land (describing the land) and that a lien is retained on said land until paid in full.'' On the same day Brown executed a warranty deed to Barker conveying him the land and in the deed a vendor's lien was retained for the balance of the purchase money. On December 27, Barker sold the land to W. A. Cannon by warranty deed. On January 21, 1916, Barker paid to Brown on his note the sum of $128, and in April the sum of $42.97, making a total of $170.97 paid by Barker to Brown on the note. In November or December, 1916, Cannon sold the land to W. H. Pemberton. On the 28th of February, 1917, Brown instituted suit in the chancery court against Barker, Cannon and Pemberton. Cannon and Pemberton being non-residents, a warning order was issued and P. C. Goodwin was appointed by the clerk of the circuit court to notify them of the suit. On March

17, Goodwin waived the service of notice by Brown to take depositions at Viola, Arkansas. On March 24, 1917, Barker waived the service of a notice for the taking of depositions and the deposition of one Pardew, a partner of Barker in the mercantile business, was taken and also the deposition of Brown, in which he testified that he had been paid on the note in suit the sum of $170.

On the first day of the April term, 1917, of the chancery court, the court found that Barker had been summoned and had failed to demur, answer or otherwise plead; and found that there was a balance due on the note executed by him to Brown in the sum of $377.58; and entered a decree against him for that sum and declared the same a lien upon the land and ordered the same sold to satisfy the amount of the decree unless the same were paid in sixty days, and appointed M. C. Carter commissioner to execute the decree.

On July 16, 1917, Barker presented to the chancellor in vacation his petition against the other parties, Cannon and Pemberton, setting up that he was entitled to a second lien on the land for the sum of $172.97, and asked that the commissioner be restrained from selling the land under the decree of April 9, 1917, until his lien also could be declared against the land subject to the lien of E. T. Brown. The chancellor, in vacation, granted the temporary restraining order. On the first day of the October term of the chancery court, 1917, Pemberton filed his demurrer to Barker's petition which was by the court overruled, and to which ruling Pemberton duly excepted. On the 11th of October, 1917, Pemberton filed his answer, and on the same day the cause proceeded to trial. All the papers in the original suit were offered and read in evidence by agreement of all parties, and oral testimony was heard, and by order of the court was reduced to writing by the clerk and filed and made a part of the record.

The court found that Barker sold the land purchased of Brown to Cannon and Cannon sold to Pemberton charged with the lien of Barker to Brown; that after these sales Barker paid the sum of $172.97 on his note to Brown

for which amount he had a junior lien subject to the lien of Brown; and the court entered a decree in favor of Barker against Pemberton for the sum of $172.97, and declared the same a lien upon the land; and directed that unless the amount of the decree entered in favor of Barker be paid in ten days that the land be sold to satisfy the decree; and that the proceeds arising from the sales, after deducting the costs of the suit, be applied first to the satisfaction of the decree in favor of Brown and the remainder, if any, to be applied to the satisfaction of the decree in favor of Barker.   Pemberton appeals.

(1)   The court did not err in overruling appellant's demurrer to the complaint of the appellee Barker.   Barker was only seeking a temporary restraining order until he could have his claim for the lien on the land for the purchase money due him declared and fixed upon the land which he had sold to Cannon and which Cannon had sold to Pemberton, both of which sales were made subject to the debt of $500 for the purchase money due from Barker to Brown.

Barker set up that since the sale made by him to Cannon and the sale made by Cannon to Pemberton he had been compelled to pay the sum of $172.97 on the note executed by him to Brown for $500.   He alleged that under the terms of the contract of sale from him to Cannon and from Cannon to Pemberton that he was entitled to have this sum declared a lien upon the land.   His complaint contains allegations which set up facts sufficient to constitute a cause of action in which he was entitled to the relief sought, and the demurrer was, therefore, properly overruled.

(2-3)   Appellant's plea of *res adjudicata* was likewise correctly overruled.   The decree at the former term in favor of Brown against Barker was on the merits and a final decree as between Barker and Brown.   But this decree on the issues joined by Brown and Barker was not an adjudication of the rights of Barker as against W. H. Pemberton.

The rule is well settled that a judgment rendered by a court of competent jurisdiction on the merits is a bar to any further suit between the same parties or their privies upon the same cause of action. 23 Cyc. 1106. But the rights of Barker to have a lien declared on the land against Pemberton subject to the prior lien of Brown, as we have stated, was not and could not with propriety have been made an issue in the suit between Brown and Barker. While the decree at the former term in favor of Barker was a final adjudication that Brown was entitled to the lien on the land and a sale of same to satisfy the debt due him by Barker, nevertheless the sale had not taken place when Barker filed his complaint for a temporary restraining order and to have his lien declared against Pemberton. The court still had jurisdiction over the cause in the matter of directing the sale and of confirming and approving the same when made.

(4) The court correctly treated the petition or complaint of Barker against Pemberton as for the sum claimed on the original action and to have his lien for purchase money declared on the land. There was no error in the court's ruling in declaring such lien and in directing the sale of the land to be made to satisfy both liens but preserving in the distribution of the proceeds of the sales the priority of Brown.

We find no error in the decree of the court, and its judgment is, therefore, affirmed.