BARTON *v.* MEEKS.

4-7848                                        193 S. W. 2d 138

Opinion delivered March 11, 1946.

Rehearing denied April 8, 1946.

P. L. Smith and J. Clib Barton, for appellant.

Alfred Featherston, for appellee.

ROBINS, J.   Appellant, on March 5, 1945, brought ejectment suit against Charlie Price, one of the appellees, to recover a nineteen acre tract in Pike county, Arkansas. Price answered, denying appellant's right to the land and asserting that he (Price) held same as tenant of the owners, who, he alleged, were the widow and children of O. O. Meeks, deceased.   An intervention was filed by appellees, Mrs. Pearl Meeks (O. O. Meeks' widow), and Harold E. Meeks, Wilma Jones and Lucille Meeks Frey, children of Mr. Meeks, in which they set up ownership of the land in themselves and two other children of said O. O. Meeks, by virtue of a deed executed by the county clerk to O. O. Meeks on August 8, 1929, conveying the land, as having been forfeited for nonpayment of state and county taxes of 1926, and appellees also set up as a defense adverse possession of the land by them and O. O. Meeks for more than seven years.

Appellant thereupon filed a plea of res judicata, in which he averred that in a suit in the chancery court of Pike county, wherein the said interveners, Mrs. Pearl Meeks, and the said children of O. O. Meeks, deceased, were plaintiffs and appellant, Ross J. Barton, was defendant, same being an action brought by interveners to quiet the title of the land herein involved, a decree was rendered on March 4, 1943, by which it was adjudged that the tax deed executed by the clerk to O. O. Meeks was void, and that the interveners had no title to the land by reason of adverse possession.   The lower court did not pass upon this plea of res judicata.

On trial of the instant case the deed under which appellant claims title and also the complaint and the decree in the chancery suit were introduced in evidence, and several witnesses testified as to the possession of the land. The court, without objection from appellees, instructed the jury that appellant held the record title to the land and should recover, unless the interveners established their asserted title by adverse possession. The jury returned a verdict for the interveners and from the judgment entered in accordance with the verdict this appeal is prosecuted.

The view we take of the rights of the parties as disclosed by the record renders it unnecessary to discuss the question of the sufficiency of the testimony to support the verdict or the correctness of the instructions given the jury by the court.

It is undisputed that a decree, from which there was no appeal, was rendered by the chancery court on March 4, 1943, in an action begun on August 27, 1942, between the same parties who are before us now, in which it was adjudged that the appellees (interveners below) were not entitled to this land either by reason of adverse possession or by virtue of the tax deed to O. O. Meeks. The rights of the parties as of the date of the institution of the suit in the chancery court were fixed by this decree. It was a judicial pronouncement that on and before August 27, 1942, the interveners, if they were occupying the land, had no right or title thereto.

Manifestly, in the case at bar, appellees were permitted by the lower court to rely on the same claim of title that had been held insufficient in the chancery case. This was error. It is a fundamental rule that, when a question is settled adversely to a litigant by judgment of a court of competent jurisdiction, such judgment precludes the litigant from raising the same question in another suit. In the case of *Carvill* v. *Jacks,* 43 Ark. 439, it was held (headnote 1): ''A party to a suit in equity is bound by the finding and decree of the court, and is estopped to deny in a subsequent suit a material fact

charged in the pleading and found by the court.'' To the same effect are the opinions in these cases: *National Surety Company* v. *Coates,* 83 Ark. 545, 104 S. W. 219; *Pemberton* v. *Barker,* 134 Ark. 571, 203 S. W. 9; *Toll* v. *Toll,* 156 Ark. 139, 245 S. W. 299; *Less* v. *Less,* 158 Ark. 255, 249 S. W. 583; *Jernigan, Bank Commissioner,* v. *Daughtry,* 194 Ark. 623, 109 S. W. 2d 126; *Maryland Casualty Company of Baltimore* v. *Sturgis,* 198 Ark. 574, 129 S. W. 2d 599; *Meyer* v. *Eichenbaum,* 202 Ark. 438, 150 S. W. 2d 958; *Fish* v. *McLeod, Commissioner of Revenues,* 206 Ark. 142, 174 S. W. 2d 236.

Since the instant suit was filed less than three years after the rendition of the chancery decree, appellees could not possibly have acquired title by adverse possession after the date of this decree. Appellees' occupancy of the land subsequent to the decree of the chancery court must be presumed, in the absence of proof of express notice to the true owner of a hostile claim asserted by appellees, to be in subordination of the title of such owner. 2 C. J. S., Adverse Possession, § 121, p. 672; *Green* v. *Strubbe,* 234 Ky. 380, 28 S. W. 2d 469, *Stewart* v. *Stewart,* 83 Wis. 364, 53 N. W. 686, 35 Am. St. Rep. 67. The lower court should have sustained appellant's plea of *res judicata.*

It is argued by appellees that the decree of the chancery court operates as a bar also to appellant's claim, because in the chancery action the court refused to confirm the title of appellant, who was defendant therein. But the decree recites that this refusal was based on the fact that appellant at that time apparently had only a contract to purchase the land; and a short time after the decree was rendered appellant obtained the conveyance, which it was conceded on trial below, vested record title in appellant. The title now relied on by appellant was not adjudicated adversely to him by the chancery court. *Wadly* v. *Leggitt,* 82 Ark. 262, 101 S. W. 720, 118 Am. St. Rep. 70.

It is not disputed that appellees have paid taxes on the land involved herein amounting, with interest, to

$172.65, which they are entitled to recover by reason of the provisions of Act 269 of the General Assembly of Arkansas of 1939, approved March 10, 1939. Appellant asked only an instruction directing the jury to award the land to him, and thereby waived claim for any rents due to him.

The judgment of the lower court is accordingly reversed and the cause remanded with directions to the lower court to enter judgment in favor of appellant for the land in controversy and to render judgment in favor of appellees, for the use and benefit of the widow and heirs of O. O. Meeks, deceased, with lien in conformity with said Act 269, for $172.65 and interest from May 21, 1945, at the rate of six per cent. per annum; the costs of both courts being adjudged against appellees.