MORROW *v.* RAPER.

5-148                                                    259 S. W. 2d 499

Opinion delivered July 6, 1953.

*Campbell & Campbell,* for appellant.

*E. C. Thacker* and *Michael B. Heindl,* for appellee.

MINOR W. MILLWEE, Justice.   The parties are owners of adjacent tracts of land along U. S. Highway 70 near Lake Hamilton in Garland County, Arkansas.   Plaintiff, R. F. Morrow, brought this action against the defendants, Chester Raper and wife.   After describing the contiguous tracts belonging to the parties, the complaint alleges: ''Further complaining, plaintiff states that the property line between the said tracts of land has been in dispute for some time, and that by judgment of this Court in Case No. 6846, which was styled *R. F. Morrow* v. *Mr. and Mrs. O. D. Adcock* was adjudicated April 12, 1946, the property line was established and

found to be the center of the Hot Springs and Rock Creek Road. That said line was established by driving iron pins in the center of said road, and was declared to be a dividing line between the property owned by the plaintiff and that owned by Mr. and Mrs. O. D. Adcock. That defendants derive their title to the aforementioned property through Mr. and Mrs. O. D. Adcock, who were party defendants in said case No. 6846.''

The complaint further alleged that defendants were encroaching upon plaintiff's property by erecting a part of a building thereon. There was a prayer for damages for the alleged encroachment and an alternative prayer for possession.

In their answer, the defendants, who are successors in title to the Adcocks, defendants in the 1946 action, pleaded the former circuit court judgment as *res judicata* of the cause of action asserted by plaintiff.

Trial before the Circuit Court, sitting as a jury, resulted in a judgment for the defendants which recites: ''That the plaintiff failed by a preponderance of the evidence to prove that the defendants had encroached upon the line as established by order of this Court on April 12th, 1946; the Court doth find that the line in dispute between plaintiff and defendants and their privy in title was adjudicated by this court on April 12th, 1946, and that this Court is without jurisdiction to change or alter the line as set out by order of this Court on April 12, 1946; that said cause is *res judicata.*''

There was introduced at the trial in the instant case the report of the two surveyors who were appointed by the court in the former action to survey and establish the dividing line between the litigants. This report, together with a map of the survey which the two surveyors then made and filed, formed the basis of the 1946 judgment. The report recites that said surveyors had established a line by driving iron pins in the center of the Hot Springs-Rock Creek Road which was the line dividing the properties of the parties. At the trial in the instant case, A. F. Annen, one of said surveyors, testified that

he made another survey after institution of the instant suit and found the iron pins still in place; and that, according to the survey and report made in the 1946 suit, there was no encroachment upon the plaintiff's property.

Now the testimony that there was no encroachment upon plaintiff's property according to the survey which formed the basis of the 1946 judgment is not disputed. In the instant case, plaintiff's evidence, sharply disputed by that of the defendants, was to the effect that the surveyors appointed by the Court in the 1946 action made a mistake in locating and identifying the center of the Hot Springs-Rock Creek Road.

Plaintiff's contention for reversal on this appeal is summarized in the fourth ground of his motion for new trial, as follows: "The Court erred in holding that this cause is *res judicata* as plaintiff owns a vested interest in the lands in question, which could not be destroyed by a prior judgment of this court, and which, being based on a mistake, was void *ab initio,* and should have been disregarded and not received in evidence or disregarded as having no probative value." We cannot agree with this contention.

The plaintiff brought an action in 1946 against defendants' predecessors in title to determine the same factual issue presented in the instant action, that is, the location of the center of the Hot Springs-Rock Creek Road which forms the line dividing the properties of the parties. The 1946 judgment, being rendered by a court which had jurisdiction of the parties and subject-matter, was valid and not void as plaintiff now contends. When plaintiff did not appeal from the 1946 judgment, it became final and conclusive of the present action under the doctrine of *res judicata.* It is a fundamental rule that, when a question is settled adversely to a litigant by judgment of a court of competent jurisdiction, such judgment precludes the litigant from raising the same question in another suit. *Barton* v. *Meeks,* 209 Ark. 903, 193 S. W. 2d 138 and cases there cited.

There is no contention by plaintiff that the 1946 judgment was obtained by fraud or collusion. The only

contention is that the surveyors made a mistake in establishing the boundary line in that suit. The fact, if true, that the question of the boundary line may have been erroneously determined in the former suit does not impair the conclusiveness of a valid judgment rendered by a court of competent jurisdiction, which has not been set aside or corrected on appeal. *Tri-County Highway Improvement Dist.* v. *Vincennes Bridge Co.*, 170 Ark. 22, 278 S. W. 627; *Strauss* v. *Missouri State Life Ins. Co.*, 188 Ark. 286, 66 S. W. 2d 299; 30 Am. Jur., Judgments, § 156; 50 C. J. S. Judgments, § 704.

As the trial court observed in his oral findings in the instant case: "Mr. Morrow, no doubt, accepted that survey, the order of the Court at that time, fixing the center of the old road, because there was no appeal taken from the judgment of the circuit court at that time. It may be that the surveyors, Mr. Annen and Mr. Phillips, were in error in fixing the center of that old road, that may have happened, Mr. Morrow. They may have been in error, but nevertheless, they did fix the center of that road. You had a remedy at that time, if it was wrong you failed to avail yourself of that remedy and that then became the center of that old road, the line as fixed and established by Mr. Annen and Mr. Phillips."

The judgment is affirmed.