ARK. STATE HIGHWAY COMM. *v.* STAPLES

5-3528                                              389 S. W. 2d 432

Opinion Delivered April 12, 1965.

[Rehearing denied May 17, 1965.]

*Mark Woolsey* and *Don Gillaspie,* for appellant.

*Spencer & Spencer,* for appellee.

SAM ROBINSON, Associate Justice. The issue here is the correct location of the right-of-way of U.S. Highway 167 at a point where it joins about two acres of land belonging to appellees, D. L. Staples, Jr. and Nettie Lou Staples. The highway runs northeast and southwest at

the place involved, but for convenience, we refer to the side on which appellees' property, involved here, is located as the east side, and the opposite side as the west.

The appellant, Arkansas State Highway Commission, contends that the right-of-way extends 60 feet on each side of the centerline of the paved portion of the highway. Appellees maintain that the right-of-way extends only about 48 feet on the east side thereof where it joins appellees' property. A strip of ground about 12 feet wide is in dispute. Appellees contend that the Highway Commission has no record title to any portion of the right-of-way, but only owns by prescription an easement over that portion of the right-of-way which it has used and maintained, such portion extending about 48 feet from the centerline.

Appellees filed this suit to enjoin the Highway Commission from constructing traffic control islands on the strip in dispute. The appellant made a deposit to indemnify appellees for any damages they might sustain, and proceeded to construct the traffic islands. Upon a trial in the Chancery Court there was a decree for appellees in the sum of $2,500 as damages, and the Highway Commission has appealed:

We have reached the conclusion that the strip in controversy is a part of the highway right-of-way. The land in question is located in Union County. In 1929 the land on which the right-of-way is located belonged to Mrs. Hazel Hartje. That year the County Judge made an order condemning for highway purposes a strip of land 120 feet wide on which to build a completely new highway. The court order is ambiguous; it describes a strip of ground, at least a portion of which is about 450 feet west of the right-of-way on which the road was constructed in 1930. But anyone who had taken the trouble to examine the court order in 1929 or 1930 would have had no difficulty in locating the new right-of-way. The order provides: "Beginning at Survey Station 0/00 located in the S.E. ¼ of N.W. ¼ of Section 16, T. 16 S., R. 14 W., and being Station 539/86.28 on the El Dorado - Calion Road, . . ."

The beginning of the new road was at Station 0/00, located in the center of the existing gravel road known as the Calion - Hampton Road. After entry of the court order, the Highway Department proceeded to build the new road. The new right-of-way was cut through the woods; the timber had to be cut and the stumps grubbed. The contract for the new road called for clearing and grubbing. The contractor's estimate No. 4 showed the clearing and grubbing was 90% complete; estimate No. 8 showed the clearing and grubbing was 100% complete. Of course, anyone could look at the land and see where the right-of-way was located. Mr. C. M. Matthews, who was working for the Highway Department in 1930 when the new road was under construction, testified:

"Q: After the highway was cleared, was it possible to look down and see where the highway was going to be on the ground?

A: Yes.

Q: And that was completed prior to July 30, or July 20, 1930, is that correct?

A: That's correct."

Mrs. Hazel Harje, owner of the land on which the right-of-way was cleared, which is the land now in controversy, filed a claim for $75.00. On August 1, 1930, the claim was allowed; on August 7, 1930, it was paid. Mrs. Hartje accepted it. The doctrine of *res judicata* applies. If property of Mrs. Hartje was taken in clearing the right-of-way that was not included in the order of the taking she should have included a claim for the taking of such property at the time she was paid the $75.00. In *Olmstead* v. *Rosedale Building & Supply, et al*, 229 Ark. 61, 313 SW 2d 235, we quoted from *Robertson* v. *Evans*, 180 Ark. 420, 21 SW 2d 610, as follows: "The test in determining a plea of *res judicata* is not alone whether the matters presented in a subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issues and might have been litigated in the former suit."

Appellees are privies with Mrs. Hartje. *Missouri Pacific RR Co., Thompson, Trustee* v. *McGuire*, 205 Ark. 658, 169 SW 2d 872. In the last cited case the court quoted with approval from 30 Am. Jur. 451. The text is as follows: ''In general, it may be said that such privity involves a person so identified in interest with another that he represents the same legal right. It has been declared that privity within the meaning of the doctrine of *res judicata* is privity as it exists in relation to the subject matter of the litigation, and that the rule is to be construed strictly to mean parties claiming under the same title. Under this rule, privity denotes mutual or successive relationship to the same right or property, so that a privy is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment.''

An electric power company constructed a line of poles on the right-of-way about 12 feet from the east edge thereof. Of course, the poles had to be several feet from the edge of the right-of-way so that the crossarms did not extend over private property. Thereafter, the Highway Department maintained only that part of the right-of-way to about the line of poles.

In 1954, D. L. Staples, Jr. and his wife, Nettie Lou Staples, bought land adjoining the right of way, previously owned by Mrs. Hazel Hartje. The deed described the right-of-way as being the boundary of the property the Staples purchased. The purchasers had a survey made to determine the boundary line of the purchased property. The engineer considered as the boundary line that part of the highway right-of-way which had been maintained. As heretofore pointed out, the part maintained only went to the line of power poles, but the right-of-way actually extended about 12 feet east of the line of poles. Hence, the Staples reached the wrong conclusion as to the proper location of the highway right-of-way, which is described as the west boundary of the Staples' property. It follows from what we have said that the 12 foot strip in question is a part of the highway right-of-way, and the Highway

Department had the right to build thereon the traffic islands.

The highway plans and pictures of the property, at the point involved, are in evidence showing the location of the traffic islands. It does not appear that appellees have suffered any compensable damages by reason of the location of the traffic islands when it is considered that they are located entirely within the highway right-of-way. The property involved here is located at an intersection. A great deal of traffic passes that point each day. Under its police power, the State has the right to channel traffic for the saftey of the public. In *Arkansas State Highway Comm.* v. *Bingham,* 231 Ark. 934, 333 SW 2d 728, this court said: "Private rights relative to highways may be regulated in many ways under the police power, and that without compensation . . . As the problem of regulating motor vehicle traffic on the highways has become more and more complex, new standards of design for highway construction have been adopted by the highway authorities to reduce the hazards of travel and expedite the flow of traffic . . . Such rules and regulations have been recognized by all of the authorities as a valid exercise of the police power."

As heretofore stated, the diagrams of the intersection and the pictures introduced in evidence show that there has not been any excessive impairment of ingress and egress to the Staples' property.

By way of cross-complaint, the Highway Commission alleged that the Staples have encroached on the right-of-way by maintaining thereon a concrete island, gasoline pumps, steel posts, a sign, and certain other service station fixtures; that such encroachment is in violation of Ark. Stats. Ann. § 76-544, and should be removed from the right-of-way. Since it is being held that the 12 foot strip is a part of the highway right-of-way, the Highway Commission is entitled to have the encroachments removed.

Reversed with directions to enter a decree not inconsistent herewith.