ARK. STATE HIGHWAY COMM. v. DEES

5-3698                                     396 S. W. 2d 933

Opinion delivered December 13, 1965.

[Rehearing denied January 10, 1966.]

Mark E. Woolsey, Phil Stratton, for appellant.

W. S. Walker, Joe D. Vilines, Jim B. Spears, for appellee.

PAUL WARD, Associate Justice. This is a companion case to Arkansas State Highway Commission v. J. E. Waddell, et ux, delivered this day. The two cases were consolidated and tried together, and only one decree was rendered by the trial court.

Perry L. Dees and his wife (appellees) claim to be the owners of a small parcel of land in Bellefonte, Arkansas, situated on the north side of U. S. Highway No. 65, by virtue of a deed from Hugh Farris excuted in 1938. The Arkansas Highway Commission (appellant), as in the companion case, claimed a right-of-way easement over the land by virtue of the County Court Order entered on April 2, 1928. Again, when appellant started to enter upon the land appellees filed a complaint in chancery court to enjoin entry. At the conclusion of the combined hearing the trial court found, among other things, that appellees were the owners of the land; that they should be remunerated for any land taken, and; that appellant must post a $5,000 bond to secure payment to appellees for said taking. Appellant now prosecutes this appeal contending (a) that appellees did not show they had title to the land in question, and (b) that (even if they had title) they cannot now collect damages

because no claim was filed within the time provided by law.

For the purpose of this opinion it may be conceded that appellees proved they had title to the land, but we have concluded the trial court must be reversed for the other reason.

We take it as conceded by all parties that under the 1928 County Court Order any affected land owner had to file a claim within one year or his claim was barred, and that the above provision has been held to mean the affected land owner had one year from the time he had *notice* of the taking to file his claim.

Under our holding in the case of *Arkansas Highway Department* v. *D. L. Staples,* 239 Ark. 290, 389 S. W. 2d 432 appellees are now barred from filing a claim for damages to their land if one of the predecessors in their line of title owned the land on April 2, 1928 and had notice of the said Order of Condemnation during the time he owned the land. We find such to be the situation in this case.

We have carefully examined the testimony and exhibits in the record and find that appellees' title to the land here involved is traced, through mesne conveyances, back to J. L. McDonald who was the owner of the land from March 13, 1922 until after 1930. The record further shows that J. L. McDonald was paid $300 by the Boone County Court on June 4, 1928, upon a claim filed by him for damage to his land. Whether McDonald collected for this particular land or for other land owned by him is immaterial since, in either event, it shows he had notice of the County Court Order. Therefore the decree of the trial court must be, and it is hereby, reversed.

The result above reached makes it unnecessary to consider appellees' contention the trial court should have increased the amount of the bond.

Reversed.