JOHN O. MAY *v.* DELL EDWARDS

73-252                                    505 S.W. 2d 13

Opinion delivered February 11, 1974

*Jack L. Lessenberry,* for appellant.

*Clifton H. Hoofman, John M. Fincher* and *John T. Harmon,* for appellee.

JOHN A. FOGLEMAN, Justice. John O. May was serving as a duly elected and qualified alderman for the second ward of the City of North Little Rock when he was found guilty of the crime of abortion after a jury trial in the Circuit Court of Pulaski County. A sentence of four years' imprisonment and $1,000 fine was entered on May 23, 1972. On June 26, 1972, the North Little Rock City Council elected Dell Edwards to the position theretofore held by May. May promptly instituted a suit against Edwards and the council in the Circuit Court of Pulaski County, seeking to oust Edwards. It is stipulated that the judgment entered in that case declared that May was ineligible to serve as alderman and that Dell Edwards was the properly installed alderman of the second ward. No appeal was taken from that judgment, so it has become final.

The judgment of conviction in the abortion case was reversed here on April 9, 1973, and the case was remanded for a new trial. See *May* v. *State,* 254 Ark. 194,

492 S.W. 2d 888. On April 12, 1973, May instituted this suit against Edwards, seeking reinstatement to the office, and alleging that the election of Edwards was void. Edwards answered, pleading that the judgment in the first case was res judicata, that since he was the incumbent duly elected to the office, no vacancy existed, that he was not subject to removal and that there was no authority for the reinstatement of May. The circuit court dismissed May's complaint, holding that from and after June 26, 1972, Edwards was the duly elected and qualified holder of the position, that there was neither evidentiary nor legal basis which would justify his removal and no provision of law for May's reinstatement. We agree with the circuit judge.

The disposition we make of this case renders the question whether appellant invoked the proper remedy or attempted to invoke the common law remedy of quo warranto moot. We shall consider this proceeding, for the purposes of this opinion, as if it were properly brought under Ark. Stat. Ann. §§ 34-2201, 2203 and 2209 (Repl. 1962).

Appellant contends Edwards has no right to the office and the trial court erred in failing to reinstate May. Appellant challenges Edwards' title to the office, arguing there is a grave question as to Edwards' official status, because there was no judicial declaration or affirmative finding by the city council that May was ineligible to serve before the council elected Edwards, and that the council's action was based only upon a declaration by the City Attorney of North Little Rock that a vacancy existed. Appellant overlooks the fact that the judgment in the first case is res judicata of these issues. According to the stipulation of the parties, these very issues were determined by a final judgment of the circuit court, and he was precluded from raising them in this proceeding. *Walthour* v. *Finley*, 237 Ark. 106, 372 S.W. 2d 390; *Morrow* v. *Raper*, 222 Ark. 414, 259 S.W. 2d 499. That judgment, however, was conclusive only upon the issues presented and facts existing at the time and not upon any particular matter which was not necessarily within the issues presented or which could not have been litigated

in the prior proceeding. *Arkansas State Highway Commission* v. *Staples,* 239 Ark. 290, 389 S.W. 2d 432; *Swanson* v. *Johnson,* 212 Ark. 340, 205 S.W. 2d 702; *Coleman* v. *Mitchell,* 172 Ark. 619, 290 S.W. 64. Insofar as the record discloses, there was no issue in that proceeding as to the tenure of Edwards or the possible reinstatement of May, and it does not appear these matters could have been litigated at that time. Inasmuch as appellee has not shown that these issues were or could have been raised in the earlier proceeding, we cannot say appellant is barred from raising them now. *Crow Oil & Gas Co.* v. *Drain,* 171 Ark. 817, 286 S.W. 971. In determining the issues presented here, however, May must rely upon the strength of his own title to the office and not upon the weakness of Edwards'. *Langston* v. *Johnson,* 255 Ark. 933, 504 S.W. 2d 349. In this instance, Edwards is the incumbent and will continue in office unless May is entitled to reinstatement.

There seems to be no precedent on the exact circumstances prevailing here. Our constitution provides that no person convicted of an infamous crime shall be capable of holding any office of trust or profit. Article 5, Sec. 9. We have said this language means the fact of conviction disqualifies one from holding public office. *Ridgeway* v. *Catlett,* 238 Ark. 323, 379 S.W. 2d 277. We need not consider whether, in May's case, the conviction, even though reversed, would forever bar him from holding public office. Although no enabling legislation seems to have ever been passed, there is no occasion for our considering whether the constitutional provison is self-executing. We must accept the premise that, as between these litigants, these matters were concluded by the earlier litigation.

The North Little Rock Council, acting upon the premise that a vacancy existed, proceeded to elect an alderman. Apparently the only applicable statute is Ark. Stat. Ann. § 19-1026 (Repl. 1968). That statute provides that whenever a vacancy shall occur, by any reason, in the office of alderman in a city of the first class, the council shall elect an alderman to serve for the unexpired term. We take this statute to govern in this case, which means

that Edwards was elected for May's unexpired term and that he will serve for that term, unless unforeseen events should earlier end his tenure. It is agreed there is no basis for his removal from office for cause. The only contention is, in effect, that his tenure ended when May's conviction was reversed.

As conceded by appellee's attorney in oral argument, either result we might reach would have harsh consequences, either to May, the duly elected alderman, who is again presumed to be innocent of the charges against him, or to the people of North Little Rock because of the uncertainty which would result if Edwards could serve only upon condition that May's conviction was not reversed. Not only would there be an undesirable confusion if May should be reinstated, but it would be compounded if, while again serving, he should be found guilty upon retrial before the same term expired.

May takes the position that the reversal of his conviction made that judgment a nullity, and that the matter must be viewed as if there had never been a trial or any other action on the charges against him in that case, and that he is restored to all rights he had before the rendition of that judgment. There is certainly some support for that view in our cases. See *Palmer* v. *Carden*, 239 Ark. 336, 389 S.W. 2d 428; *Hartford Fire Ins. Co.* v. *Enoch*, 79 Ark. 475, 96 S.W. 393; *Heard* v. *Ewan*, 73 Ark. 513, 85 S.W. 240; *Clark* v. *Arkansas Democrat Co.*, 242 Ark. 133, 413 S.W. 2d 629, supplemental opinion, 242 Ark. 497, 413 S.W. 2d 633; *Morgan Engineering Co.* v. *Cache R. Drainage Dist.*, 122 Ark. 491, 184 S.W. 57. It must be remembered, however, that the rights said to be restored are ordinarily those existing between the parties only, unaffected by any overriding public interest.

The only Arkansas cases having any bearing whatever on the reinstatement of a removed public official are *Winfrey* v. *State*, 133 Ark. 357, 202 S.W. 23, and *Gray* v. *Independence County*, 166 Ark. 502, 266 S.W. 456. Both are readily distinguishable, and there is little comfort to either May or Edwards in them. In *Winfrey*, the re-

moval was itself a part of the final judgment reversed on appeal. We there declared that our reversal disposed of the order of removal, but not of a preliminary suspension which, if valid, would remain in effect, because it was mandatory, under the applicable statute, after indictment of an officer charging certain offenses. Although we held the suspension to be void because the charges were not of the type covered by the statute, we did not consider any question of reinstatement or removal of an incumbent selected to fill a vacancy, temporarily or otherwise. In *Gray*, we also treated the status of an officer under a suspension pursuant to a statute specifically requiring suspension of a county or township officer, indicted for any of certain specified crimes, *until the charge was tried*. We only held that the suspended officer, after his acquittal, was not entitled to recover from the county the salary of the office accruing during the period of his suspension. We used language in *Gray*, however, which points toward the result we reach here. There we said:

> In the case of Allen v. State [32 Ark. 241], the court said:
>
>> Offices are not regarded in this country as grants or contracts, the obligation of which cannot be impaired, but rather as trusts or agencies for the public. They are within the power of the Legislature, except so far as the Constitution may forbid interference with them. Coffin v. State ex rel. Norton, 7 Ind. 157.
>
> In the case of Sumpter v. State [81 Ark. 60, 98 S.W. 719], the court quoted with approval from a decision of the Supreme Court of the United States, to the effect that the nature of a relation of a public officer to the public is inconsistent with either a property or contract right, and that the salary is not compensation for services secured by contract, but compensation for services actually rendered. The general rule is that, if the office is vacant, it becomes, as to the suspended person, for the time being, as though it did not exist, and, as to the public, the person appointed to fill the last vacancy is the sole incumbent of the office.

Cases from other jurisdictions are of little more assistance. They are based upon constitutional provisions and statutes differing from ours. We can give no regard to those holding that an officer *improperly* removed is entitled to reinstatement. Such was the case in *Winfrey*. But as previously pointed out, the right of May to question the propriety of his removal has been foreclosed. Cases such as *Hayes* v. *Hudson County Board of Chosen Freeholders,* 116 N.J. Super. 21, 280 A. 2d 838 (1971), based upon specific statutes providing for or requiring reinstatement upon reversal of a conviction are certainly inapposite.

We find the case of *State* v. *Chapman,* 187 Wash. 327, 60 P. 2d 245 (1936), persuasive here, although there are distinctions which can be made. There was, at the time, a Washington statute declaring that conviction of a felony entailed forfeiture of office as a part of the penalty and disqualified the officer convicted from ever holding public office. Another statute provided that a vacancy in office should result upon the officeholder's conviction of an infamous crime. There the officeholder was convicted of grand larceny and then ousted by a judgment in a separate proceeding, from which he did not appeal. Subsequently, his conviction was reversed on appeal. The officer then brought suit for reinstatement. The Washington court held that, insofar as this officer was concerned, the office became extinct when the judgment of ouster was rendered, that, under a statute strikingly similar to Sec. 19-1026, it was the duty of the board of county commissioners to fill the vacancy and that the successor chosen by them filled the office until the next general election or until his successor was duly elected and qualified. The court justified its statutory construction by these considerations:

(1) The public interest demands that public affairs be administered by officers upon whom rests no stigma of conviction for infamous crimes; and (2) the proper administration of public business requires a constancy and continuity of service and therefore demands that it shall not be subjected to the hazards of frequent and uncertain changes of officers during a specified term of office.

Assuming that the original judgment of conviction created a vacancy in the office, as we must by application of res judicata, we also find the case of *Becker* v. *Green County*, 176 Wis. 120, 184 N.W. 715 (1921), heavily relied upon by the circuit judge, to be highly persuasive. There the court found that reversal of a conviction of an infamous crime did not entitle the officer involved to recover the salary of the office for the period between his ouster and the end of his term prior to the reversal, because there was no applicable statute providing for restoration to office or for payment of the salary upon reversal of such a conviction. Other cases, distinguishable upon the facts, but nevertheless persuasive on the ultimate issue here include *State* v. *Jurgensen,* 135 Neb. 136, 280 N.W. 886 (1938); *McKannay* v. *Horton,* 151 Cal. 711, 91 P. 598 (1907); and *Smith* v. *Noeppel,* 120 N.Y.S. 2d 466 (1953). The prime consideration governing those decisions was the recognition that the public interest is paramount to that of the unfortunate incumbent. Throughout these cases, as well as *Jolliff* v. *State,* 215 So. 2d 234 (Miss. 1968), where an opposite result was reached,[1] the courts view a removal of one convicted as imposed in the interest of the public and sound government, and the public office as the property of the people and not of the officeholder.

Sound policy expressed in the language of our own decisions and the logic of the cases above cited compel us to the conclusion that, harsh as the result may be insofar as May's rights are concerned, the interest of the public lies in avoiding a vacancy and in having a degree of stability in the administration of the public business unlikely to exist when an incumbent serves an indefinite and speculative term and the office is subjected to frequent and uncertain changes during a specified term.

---

[1]While in *Jolliff* the Mississippi court directed reinstatement of the officer whose conviction was reversed, that court based its decision upon the fact that only an interim successor had been named and that a successor had not been elected to fill the vacancy which had existed. The court took great pains to point out not only that its ruling was based entirely upon the unusual and peculiar facts and posture of the case but that an entirely different situation would have been presented if a successor had been regularly elected to the office according to law.

We must consider the public interest as paramount. In the absence of any statute providing for reinstatement or restoration to office under these circumstances and upon the basis of the facts and issues presented in this case, we hold that May is not entitled to reinstatement and that Edwards' term extends for the remainder of May's unexpired term.

The judgment is affirmed.