BIEDERMAN *v.* PARKER.

Opinion delivered October 14, 1912.

1. JUDGMENT—CONCLUSIVENESS.—A judgment is conclusive only between tne parties and their privies. (Page 89.)

2. SAME—EFFECT AS TO STRANGERS.—A judgment is evidence of nothing, in a subsequent action between different parties, except that it had been rendered. (Page 89.)

3. SHERIFF AND CONSTABLE—WRONGFUL SEIZURE UNDER ATTACHMENT—LIABILITY.—In levying an attachment or execution which specifies no particular property to levy on, a constable is bound at his peril to know that the property he seizes is the property of the defendant in the writ and subject to seizure. (Page 90.)

Appeal from Columbia Circuit Court; *Jacob M. Carter,* Judge on exchange; reversed.

*Eliot, Chaplin, Blayney & Bedal,* for appellants.

1. On appeal by the plaintiff, where the lower court has directed a verdict for the defendant, the evidence will be considered in the light most favorable to the plaintiff in determining whether the court erred in directing the verdict. And, if there was any testimony whatsoever on which the jury could

have found a verdict for the plaintiff, the judgment will be reversed.   96 Ark. 394; 146 S. W. (Ark.) 497.

The facts disclose a clear case of conversion, and the execution is no defense to the officer and sureties on his bond. 41 Ark. 285, 290; 67 Ark. 189; 82 Ark. 414.

2.   The court erred in excluding testimony to contradict the recitals to the Parr judgment.  A judgment of a justice of the peace is only *prima facie* evidence of its recitals and may be impeached by competent evidence.   82 Ark. 414; 43 Ark. 230; 58 Ark. 181.

*W. H. Askew*, for appellees.

1.   The court was right in directing a verdict.   The lumber was subject to a laborer's lien in favor of Parr, which was fixed by the action in the justice court and the lumber ordered sold.   Without authority of law or from Parr the special constable allowed Cooper to give bond and remove some of the property.   The regularity of the judgment against Young and Rhodes is not questioned.   The property afterwards levied on and sold was there on the mill ground with the other lumber belonging to Young and Rhodes; and if it had ever been in possession of Robinson Lumber Company, it was not then, and was the property attached.

2.   There was no error in excluding the testimony tending to impeach the integrity of the justice's docket entry.   Cases cited by appellant confine the doctrine of *prima facie* evidence of the recitals of the justice's entry solely to the point of jurisdiction.   See 82 Ark. 414; 43 Ark. 230; 58 Ark. 181. See also 16 Ark. 104, 112.

HART, J.   This was an action against a constable and the sureties on his bond for the sale and conversion of certain lumber alleged to be the property of the plaintiff, who was trustee in bankruptcy of the Robinson Timber & Lumber Company and the Robinson Lumber Company.   The answer denied the plaintiff's right to the property and justified under legal process. At the conclusion of the evidence the court directed a verdict for the defendants, and the plaintiff has appealed.

The facts, so far as are necessary for a determination of the issues raised by the appeal, are as follows:

Ed. Rhodes and Leake Young were partners under the

firm name of the Waldo Lumber Company, and were engaged in running a saw mill. In 1908 the firm sold a quantity of lumber to the Robinson Lumber Company. The lumber was stacked out to itself on the mill yard, and was delivered to an agent of the purchaser. Between sixty and ninety days after the sale of the lumber was made T. M. Parr sued Rhodes & Young before a justice of the peace, and the lumber was attached. The Robinson Lumber Company was not made a party to the suit. The judgment rendered by the justice of the peace, caption and style of the case being omitted, is as follows:

"On this, October 10, 1908, comes the plaintiff, T. M. Parr, by attorney, T. W. Hardy, and also comes the defendants, Ed. Rhodes and Leake Young, by their attorney, Mr. Lile, and, said cause coming on for hearing, the following judgment is entered herein by consent of plaintiff and defendants.

"It is ordered, considered and adjudged by the court that the plaintiff, T. M. Parr, have and recover of and from the said defendants, Ed. Rhodes and Leake Young, the sum of two hundred and eighty-five dollars for his debt for labor and services performed in the manufacture of 28,000 feet of hardwood lumber, which has been attached in this cause. It is further ordered and adjudged by the court that the plaintiff, T. M. Parr, have laborer's lien upon the said 28,000 feet of oak lumber to the amount of one hundred and forty dollars. It is further ordered and adjudged by the court that, in case the said one hundred and forty dollars is not paid within ninety days from this date, then the constable of this court is commanded and directed to sell said lumber under the attachment herein as required in cases of execution sales, and with the proceeds arising from said sale first pay the cost of this court and then with the residue to pay the said plaintiff the one hundred and forty dollars, for which he has a lien on said lumber."

The justice of the peace gave the constable authority to take a bond from the Robinson Lumber Company for the lumber, and the lumber was released from the attachment. Then a new justice of the peace and constable succeeded those who were acting at the time the judgment was rendered. In December, 1908, the justice of the peace who had succeeded the one who

had rendered the judgment issued an execution, and the constable levied it on the lumber. The Love Lumber Company became the purchaser at the execution sale for the sum of $223.75. After paying the costs of the suit, $210.05 remained, which was paid to T. M. Parr. Before the expiration of ninety days from the date of the judgment rendered in the justice's court, the Robinson Lumber Company tendered one hundred and forty odd dollars, the amount of the bond given by it, and the tender was refused. The lumber at that time had already been sold under the execution.

T. M. Parr testified that he was the plaintiff in the suit brought before the justice of the peace in September, 1908, and that he had been working for the Waldo Lumber Company as a laborer. He said he had never authorized the constable or any one else to release the lumber, and that he had never agreed to take a bond therefor.

It is manifest that the court erred in directing a verdict for the defendants. The testimony, as disclosed by the record, shows that the Waldo Lumber Company had sold and delivered the lumber to the Robinson Lumber Company between sixty and ninety days before it was attached in the suit of Parr against the Waldo Lumber Company in the justice's court. The Robinson Lumber Company was not made a party to the suit in the justice's court in which the lumber was attached. If the lumber belonged to the Robinson Lumber Company at the time it was attached in the suit before the justice of the peace, the seizure of the lumber under attachment in the justice's court was unauthorized and wrongful, and its subsequent sale under orders of the justice could only be justified by showing that the rights of the Robinson Lumber Company were adjudicated by the justice before ordering the sale. *Albie* v. *Jones*, 82 Ark. 414.

It is well settled that a judgment is only conclusive between the parties or their privies. *Avera* v. *Rice*, 64 Ark. 330; *Treadwell* v. *Pitts*, 64 Ark. 447; *Doss* v. *Long Prairie Levee Dist.*, 96 Ark. 454.

As we have already seen, the Robinson Lumber Company was not a party to the attachment suit before the justice of the peace, and it is well settled in this State that a judgment is evidence of nothing in a subsequent action between different

parties, except that it had been rendered. *Thomas* v. *Hinkle,* 35 Ark. 450; *Doss* v. *Long Prairie Levee Dist., supra.*

It will be observed that the record in this case shows that the lumber was sold and delivered to the Robinson Lumber Company before it was seized under the writ of attachment in the case of Parr *v.* Rhodes & Young, and the judgment of the justice of the peace is not evidence that Parr had a lien on the lumber superior to the rights of the Robinson Lumber Company. This is so because the Robinson Lumber Company was not a party to the suit. So far as disclosed by the record in the present appeal, Parr had no right to assert a lien against the lumber. It is true he testified that he had been working for the Waldo Lumber Company as a laborer just prior to the bringing of his suit against that company before the justice of the peace, but he does not state how much, if anything, the Waldo Lumber Company owed him, nor does he testify to any state of facts from which it might be inferred that he was entitled to a lien on the lumber which had been sold and delivered to the Robinson Lumber Company.

In levying an attachment or execution which specifies no particular property to levy on, the constable is bound at his peril to know that the property he seizes is the property of the defendant in the writ and subject to execution. *Meadow* v. *Wise,* 41 Ark. 285.

It follows that the court erred in directing a verdict for the defendants, and for that error the judgment will be reversed, and the cause remanded for a new trial.