CHANDLER *v.* GAINES-FERGUSON REALTY COMPANY.

## Opinion delivered October 4, 1920.

1. BROKERS—RIGHT TO COMMISSION.—In an action by a broker to recover compensation for procuring a purchaser of land, it is no defense that the land was defendant's homestead and his wife refused to join in the sale.

2. BROKERS—MODIFICATION OF CONTRACT.—A broker does not lose his right to a commission on procuring a purchaser of real estate, because the contract for sale as finally agreed upon included property not listed with the broker for sale, where the owner agreed to the modification.

3. BROKERS—RIGHT TO COMMISSION—LIMITED PERIOD.—A broker is entitled to his commission for procuring a purchaser under a contract authorizing a sale within one year where the broker procured a buyer, and the terms of sale were reported to the owner and accepted by him before the expiration of the year, though the formal contract of sale was not signed until after the year had expired.

4. BROKERS—READINESS TO PERFORM—EVIDENCE.—In an action for a broker's commission, testimony by the purchaser that he was ready and able to perform, and frequently requested the owner to furnish the abstract, but he failed to do so, and before the first payment was due he told the purchaser that his wife would not sign the deed, *held* to sustain a finding that the purchaser was ready and able to perform his contract.

5. BROKERS—RIGHT TO COMMISSION—EVIDENCE.—In an action on a contract by which the owner of land agreed to pay a broker as commission for the sale of certain property all that it realized over a designated price, where the purchaser, before signing the contract, required that property not originally listed with plaintiffs be included, the value of the property so included should be deducted from the purchase price in determining the commission, so that testimony as to the value of such property was relevant.

6. BROKERS—RIGHT TO COMMISSION—EVIDENCE.—In an action for a broker's commission, evidence of a rental contract entered into between the proposed purchaser and the owner of the land was admissible to show that the parties mutually understood that a final binding contract of sale of the land had been entered into.

7. BROKERS—RIGHT TO COMMISSION—TENDER.—A broker is entitled to his commission where he procured a purchaser who signed the contract and was ready and able to perform his agreement, but was prevented by the owner's refusal to furnish an abstract of title, though the purchaser made no tender of the cash payment.

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

*W. C. Rodgers,* for appellant.

1. There is no pretense that the purchaser would have taken the land at the price except all the land be sold.   He would not have accepted a deed to all that part of the land in controversy less the homestead of the owner.   There is no allegation or proof of a sale of any part of the premises less than the whole.   The contract with Gaines-Ferguson Realty Company was a single and indivisible one for the whole 320 acres, and if void as to part is void *in toto.*   63 Ark. 187, 202.

2. The demurrer admits the truth of the allegations of the pleading.   94 Ark. 453, 456.   It was error to hold that the contract to sell the homestead was valid even though the wife did not join therein or acknowledge it.   38 Ark. 112, 114.   The husband could not sell the homestead without the wife joining in the deed, and certainly he could not compel another to do so.   What is forbidden to be done directly can not be accomplished indirectly.   68 Ark. 39, 68; 75 *Id.* 273-5; 76 *Id.* 487-9; 79 *Id.* 532-8; 80 *Id.* 158-167; 47 *Id.* 287; 129 *Id.* 88, 93; 120 *Id.* 465-9.   Where the wife does not join in a contract affecting the homestead the instrument is a nullity.   90 Ark. 113.   The wife must join and acknowledge or the contract is void.   114 Ark 426-32.   The act of 1887 applies.   The wife must join in the contract for sale of the homestead. 90 Ark. 113, 115.   It must be acknowledged.   114 *Id.* 426.

3. It was clearly error to permit evidence of another and different contract from that declared upon.   57 Ark. 596-9; 8 *Id.* 491-4; 70 *Id.* 232; 124 *Id.* 454-8; 82 *Id.* 562-7; 74 *Id.* 468, 474.   Where proof is introduced without objection, the pleadings are regarded as amended to conform thereto.   This rule does not apply when objection is made to irrelevant testimony.   70 Ark. 232, 237; 124 *Id.* 454-8.   The *allegata* and *probata* must correspond.   A plaintiff can not recover on a case not made by

his complaint. 46 Ark. 96-103; 11 *Id.* 120, 135; 29 *Id.* 500; 24 *Id.* 371, 381; 37 W. Va. 571; 108 Ark. 246-7.

4. Plaintiffs admit by their demurrer that they knew the land was a homestead and that Chandler could not make a deed thereto, and the law charges them with notice if their demurrer had not admitted it. 14 Ark. 286, 291; 61 *Id.* 575; 69 *Id.* 306-9; 74 *Id.* 174, 180; 135 *Id.* 206, 220.

5. The contract being in contravention of law and a nullity, there could be no lawful consideration and was void for want of consideration. 24 Ark. 365.

6. Instruction No. 2 for plaintiffs was error. The contract was *nudum pactum.* Instruction 3 was also error, as was Nos. 4, 7 and 8. It is error to refuse to give a specific instruction clearly applicable, even though a general one given covers the charge. 69 Ark. 134; 76 *Id.* 227; 80 *Id.* 438; *Ib.* 454-7; 90 *Id.* 247; 269; 92 *Id.* 216; 82 *Id.* 499; 84 *Id.* 74-80; 87 *Id.* 531; 98 *Id.* 17; 96 *Id.* 206, 212.

7. Instruction 8 was correct, and it was error to refuse it. 113 Ark. 174; 73 *Id.* 338; 80 *Id.* 49-54; 115 *Id.* 166-176; 112 *Id.* 1, 6.

8. The testimony of Wray and Williams as to the value of cattle had no legitimate bearing on the case; it was merely negative. Permitting Gaines to testify to an alleged contract entered into after June 25, 1919, which was not sued upon was palpable error, and it was error to permit evidence of the rent contract between Chandler and Bell. This did not prove a sale, and it never was in the possession of Bell; on the contrary, it was only in possession under the contract with Gaines. It was error to permit Gaines to testify as to a loan on the land to pay part of the purchase money. Nothing of the kind was authorized by the contract sued on, nor could this have been done without the consent of Chandler's wife. It was also error to permit Gaines to testify to a new and different contract from that sued on and error to permit Bell to testify as to a contract between him and Gaines without showing Mr. Chandler was present, and it was

error to allow Bell to testify as to a contract and to permit testimony of a change or modification of the contract sued on and to permit the contract sued on to be read in evidence, as no contract of sale with Bell was ever effected, and it had expired before the minds of Bell and Chandler ever met.

9.   It was error to refuse counsel the right to refer to the fact that no payment in whole or in part in any form had been offered or tendered by Bell to Chandler during any period of a contract between plaintiff and defendant, and it was error to sustain the demurrer as fully discussed.

*W. P. Feazel,* for appellee.

1.   The contention as to the homestead being void is unsound.   84 Ark. 464.

2.   Appellee is entitled to compensation for services in effecting the sale as they procured a purchaser willing and able to pay.   215 S. W. 680; 89 *Id.* 298; 97 *Id.* 22; 112 *Id.* 566; 102 *Id.* 200.

3.   No errors were made in the admission of testimony as the terms of the contract were reported and accepted by appellant.

4.   The sale was effected within the twelve months allowed by the contract.   If the broker furnishes a purchaser who accepts the bid or offer and the vendor enters into an executory contract for sale of the land upon terms accepted by the vendor, the broker is entitled to his commission, whether the contract is ever finally executed or not.   89 Ark. 295; 112 *Id.* 556; 97 *Id.* 22; 102 *Id.* 200; 89 *Id.* 195.

5.   There was no error in admitting in evidence the rent contract between Bell and Chandler.   It tended to show that Chandler considered and understood the deal with Bell had been closed, nor in admitting Bell's testimony.   It tends to show that his contention that Bell was not able to buy was an afterthought and not made in good faith.

6.    There was no error in not permitting counsel to argue to the jury the fact that Bell never paid nor offered to pay the $5,000, and that he had never tendered any notes for the deferred payments, and that the contract expressly provides that said $5,000 was due and payable on December 1, 1919, *upon the execution of deed by Chandler and wife to Bell and an abstract of title showing lawful title in Chandler.*

All appellant's contentions were submitted to the jury under instructions declaring the law as held by this court in former cases and their verdict is final.

SMITH, J.    This is an action to recover a commission for an alleged sale of real estate. Appellees, who were plaintiffs below, are partners in the real estate business, and on June 25, 1918, entered into a contract with appellant whereby he gave them the right, for a period of twelve months, to sell his farm, containing 320 acres, and farming implements, for $9,000 net to the owner, of which $4,500 was to be paid in cash, and the remainder in one, two, three, four, five and six years, at 8 per cent. Appellees were to receive as commissions the excess over $9,000.

Appellant was notified of the sale of the property to J. W. C. Bell, and on the 26th day of June, 1919, in furtherance of said sale, entered into a written contract with Bell whereby he agreed to convey the land to Bell upon the terms aforesaid and to furnish an abstract showing a marketable title. Appellant failed to furnish the abstract, and, according to the testimony on the part of appellees, refused to consummate the deal with Bell, who was ready, willing and able to buy the lands pursuant to the contract of purchase, which Bell had been induced to sign through the efforts of appellees. The testimony shows that appellee priced the land to Bell at $10,000, but Bell refused to pay that price unless the mules, wagon harness, and cattle on the place were included. Appellant declined that proposition, but did agree to include his cattle, and a contract was entered

into whereby Bell agreed to pay the sum of $5,000 cash, and the balance in annual payments of a thousand dollars each; and to secure these deferred payments appellant agreed to take a second mortgage on the land.

A paragraph of appellant's answer set up the fact that the land in question embraced his homestead, and that the contract for its sale was void because his wife had not joined in its execution. A demurrer to this part of the answer was sustained, and exceptions saved. Other errors are assigned which we will discuss in their appropriate order.

We think the demurrer was properly sustained. There is here no prayer for the specific performance of the contract of sale; but the purpose of the suit is to recover the value of services rendered. The case on this point is ruled by the opinion of the court in the case of *Branch* v. *Moore,* 84 Ark. 469.

It is next contended that the contract of sale between appellant and Bell did not conform to the terms upon which appellant authorized appellees to sell. And this appears to be true. But appellant consented to the modification, and executed the contract with Bell which embodied the changes resulting from the negotiations had between appellees and Bell, and the claim for commissions can not, therefore, be defeated by the fact that changes were made. *Stiewel* v. *Lally,* 89 Ark. 195; *Hodges* v. *Bayley,* 102 Ark. 200.

It is contended that the agency contract was good for only one year, and that the contract of sale between appellant and Bell was dated one day after the twelve months had expired. But the court submitted to the jury the question whether the terms of the sale had been agreed upon, reported to and accepted by appellant before the year expired, and properly told the jury that, if they so found, plaintiffs would be entitled to recover, notwithstanding the written contract was not signed until after the expiration of the year. *Stiewel* v. *Lally,* 89 Ark. 195.

It is next contended that the testimony does not show that Bell was ready and able to perform his contract. But that question of fact was submitted to the jury. Bell testified that he was able to buy, and would have done so, and it is undisputed that appellant was several times requested both by appellees and by Bell to furnish the abstract of the title which the contract of sale required to be furnished; but failed to do so. Upon the contrary, appellant admitted that before the first payment was due he had advised Bell that his wife would not sign the deed.

Objection was made to the testimony of witnesses Wray and Williams, who were permitted to testify as to the value of the cattle included in the contract of sale, upon the ground that the cattle were not included in the original agency contract; and the admission of this testimony is assigned as error. It is true that contract did not authorize the sale of anything but the farm and farming implements, and fixed the agent's compensation at the excess over $9,000. The court told the jury that if they found for the plaintiff they would fix the amount of the recovery at the difference between nine thousand and ten thousand dollars, "less whatever sum you may find, from the evidence, was a fair value of the cattle which was included in the price which Bell agreed to pay for the property." In other words, appellees had sold the land and farming implements for a thousand dollars more than the agency contract entitled appellant to receive, but in making the contract of sale the cattle were included, and it was, therefore, proper to deduct the value of the cattle from the thousand dollars which the appellees would otherwise have received, and the objected testimony was material to establish that value.

Objection was also made to the admission in evidence of a rent contract between Bell and appellant. This testimony was competent to show that the parties mutually understood a final binding contract for the land had been closed.

It is finally insisted that the court erred in refusing to permit appellant's counsel to argue to the jury that there was no liability on appellant's part because there had been no tender of the cash payment and notes for the deferred payments. But for reasons already stated, it is apparent that no error was committed in this respect.

No error appearing, the judgment is affirmed.