BELYEU *v.* HUDSON.

Opinion delivered June 3, 1929.

*L. A. Hardin,* for appellant.

*Fred A. Isgrig* and *Philip McNemer,* for appellee.

HART, C. J., (after stating the facts). The plaintiff relies upon a verbal contract for his right to a commission. This was sufficient. This court has held repeatedly that it is not necessary that authority to sell land should be in writing. The reason is that a contract employing an agent to find a purchaser for land is not within the statute of frauds. *Blanton* v. *Jonesboro Building & Loan Association,* 176 Ark. 315, 3 S.

W. (2d) 964; *Vanemburg* v. *Duffey,* 177 Ark. 663, 7 S. W. (2d) 236.

According to the testimony of Hudson, he had verbal authority from Belyeu to sell the seven-acre tract of land for the sum of $2,500. He showed this tract of land to Jones and got him interested in the purchase of it. It is true that the sale was consummated by Jones with Belyeu, but the law is settled in this State that, where a real estate agent, employed to sell land, introduces a purchaser to the seller, and through such introduction a sale is effected, the agent is entitled to his commission, although the sale be made by the owner. *Carpenter* v. *Phillips,* 157 Ark. 609, 249 S. W. 357, and cases cited.

Again, in *Sharp* v. *West,* 176 Ark. 616, 3 S. W. (2d) 692, the court held that, where a real estate broker procures a purchaser, ready, able and willing to buy the property, he is entitled to a commission.

Here the jury was justified in finding that Hudson procured Jones as a purchaser of the land, and that he was entitled to recover his commission, although the sale was consummated between Jones, the purchaser, and Belyeu, the owner of the land.

Counsel for the defendant, however, contend that the judgment must be reversed because the two and one-half acre tract across the road was included in the sale of the seven-acre tract, and that Hudson had no authority to sell the two and a-half acre tract. This did not make any difference. According to the testimony of Hudson, he told Jones that he only had authority to sell the seven-acre tract, and that Belyeu asked $2,500 for it. Hudson further told Jones that he thought he could procure both tracts for $3,000. Jones did in fact procure both tracts from Belyeu for the sum of $2,750. If the jury believed the testimony of Hudson in this regard, under the instructions of the court, he was entitled to recover. Hudson, as broker, procured Jones as a prospective purchaser of the land. In other words, he was the procuring cause of Jones going to see Belyeu

about the purchase of the land. He had authority to sell the seven-acre tract. Belyeu voluntarily reduced the price of both tracts from $3,000 to $2,750. He consummated a sale with Jones on these terms, and Hudson was entitled to his commission at the rate specified in his agreement with Belyeu. Belyeu consented to the change in price and the addition of another tract of land in the sale to Jones, and Hudson's claim for commission could not be defeated by the fact that these changes were made. There is no evidence that Belyeu was compelled to modify the terms as to the seven-acre tract in order to consummate the sale. As far as the record discloses, he might have sold both tracts to Jones for the price of $3,000, and the concession of Belyeu to sell at a reduced price was entirely voluntary. Hence Hudson was entitled to recover his commission of ten per cent. on the purchase price of the seven-acre tract at $2,500. This amounted to $250. *Stiewell* v. *Lally,* 89 Ark. 195, 115 S. W. 1134; *Hodges* v. *Bayley,* 102 Ark. 200, 143 S. W. 92; and *Chandler* v. *Gaines-Ferguson Realty Co.,* 145 Ark. 262, 224 S. W. 484.

We find no reversible error in the record, and the judgment will therefore be affirmed.