HAERING OIL COMPANY, INC. v. BEASLEY.

4-9965                                                    254 S. W. 2d 951

Opinion delivered February 16, 1953.

H. A. Tucker, for appellant.

Wootton, Land & Matthews, for appellee.

ED. F. McFADDIN, Justice. After hearing all the evidence, the Chancery Court dismissed the plaintiff's case for want of equity; and the correctness of that ruling is the point at issue on this appeal.

Appellant, The Haering Oil Company, Inc. (hereinafter called "Haering"), was the Bulk Sales Agent,

originally for "Shell" petroleum products, and later for "Pan-Am" petroleum products. Appellee Beasley owned a filling station in Hot Springs; and in September, 1947, signed a contract with Haering to sell the products for which the latter was the Bulk Sales Agent. The said 1947 contract provided, *inter alia:*

"Duration of Agreement. This agreement shall remain in full force and effect for a period of (1) one year, beginning September 1, 1947, and ending August 31, 1948, and thereafter from year to year subject to termination by either party at the end of the first year or any subsequent year on thirty (30) days' prior written notice."

Beasley handled Haering's products until March 23, 1949, and then commenced handling "Lion" petroleum products. On March 21, 1950, Haering filed the present suit against Beasley, praying, *inter alia,* for damages for breach of contract: the theory being, that the contract could not be terminated except on August 31st of any year and that Beasley owed Haering damages from March 23, 1949, to August 31, 1949. Beasley's defense was that the contract had been terminated by mutual consent; and the decree of the Chancery Court so found.

According to the 1947 contract, Haering was to furnish equipment (consisting of hydraulic lifts, tanks, pumps and air compressor) to be used by Beasley for the sale of Haering's products; also Haering was to furnish all the petroleum products that Beasley sold at the filling station during the continuation of the 1947 contract. On February 22, 1949, Beasley wrote Haering:

"It is my desire to purchase all my petroleum products in the future from the Lion Oil Company.

"I will appreciate it if you will invoice all of your equipment at my place to the above company."

In accordance with the said letter, Haering (a) invoiced (*i. e.* sold) his equipment at the Beasley Service Station to the Lion Oil Company, and (b) discontinued supplying Beasley with petroleum products on March 23, 1949.

There was some office equipment not described in the 1947 contract, and Beasley returned this to Haering.

Thus by mutual consent, the 1947 contract was terminated by Beasley and Haering on March 23, 1949, even though it was not the anniversary date of the contract. It is evident that when Haering, in accordance with Beasley's letter of February 22, 1949, sold the equipment to the Lion Oil Company and ceased furnishing petroleum products to Beasley, Haering thereby agreed to the termination of the 1947 contract. There was mutuality in the cancellation. Haering's sale of equipment to the Lion Oil Company was entirely inconsistent with his present claims under the 1947 contract.

In *Elkins* v. *Aliceville,* 170 Ark. 195, 279 S. W. 379, we said:

"It is well settled that the parties to a contract may at any time rescind it in whole or in part by mutual consent, and the surrender of their mutual rights and the substitution of new obligations is a sufficient consideration."

In *Afflick* v. *Lambert,* 187 Ark. 416, 60 S. W. 2d 176, we said:

"It is therefore a well settled rule of this Court that any parties who can make a contract can rescind or modify it by mutual consent. If they are capable of making the contract in the first instance, they may by mutual consent modify it in any manner. Parties to a written contract may rescind it by oral agreement, or they may modify it by oral agreement. Black on Rescission & Cancellation, vol. 1, p. 20; 13 C. J. 593; 6 R. C. L. 914."

To the same effect, see *Myers* v. *Myers,* 211 Ark. 743, 202 S. W. 2d 596. See, also, 13 Am. Jur. 981 *et seq.*; 17 C. J. S. 878 *et seq.*; and discussion in Restatement of the Law of Contracts, § 406 *et seq.*

The Chancery Court found that Haering and Beasley terminated the 1947 contract by mutual consent. The decree is correct, and is in all things affirmed.