HATCHETT *v*. ROBINSON.

5-3052                                          371 S. W. 2d 618

Opinion delivered October 21, 1963.

[Rehearing denied Nov. 18, 1963.]

*U. A. Gentry,* for appellant.

*Opie Rogers* and *N. J. Henley,* for appellee.

FRANK HOLT, Associate Justice. The appellants, M. V. Hatchett and Dorothy Dixon Hatchett, d/b/a Southern Ozarks Realty Company, brought this action to recover a real estate brokers commission from the appellees, Sam M. Robinson and wife, Leva Robinson. The jury returned a verdict in favor of the appellees from which verdict and judgment comes this appeal. For reversal appellants rely upon five (5) points, each of which relate to the refusal or the giving of instructions. In reversing this case we deem it necessary to discuss only two of these points.

The appellees were the owners of forty-five (45) acres of land near the City of Clinton, Arkansas. On July 10, 1956, the appellees, by written contract, gave to the appellants, as real estate brokers, exclusive listing of their property for the purpose of procuring a purchaser at a price of $13,000.00 with $5,000.00 required as down payment and the balance, with interest at six per cent (6%), to be paid at $75.00 per month. The contract provided for the payment of a commission of ten per cent (10%) of this sale price. It further provided for a like commission if sold "at any other price and on any other terms" acceptable to the appellees. The contract was an exclusive listing for a period of twelve (12) months from its date and to continue thereafter until thirty (30) days notice in writing was received by appellants. The contract also provided that if the listed property was sold to a purchaser procured by or through appellants after termination of the contract the full commission would be due the appellants. Appellants inserted an advertisement in a newspaper, the Commercial Appeal of Memphis, Tennessee, concerning various tracts of land they were authorized to sell and on July 11, 1957, Mr. and Mrs. H. G. McMillen, who lived in Tipton, Tennessee, wrote the appellants concerning lands in Van Buren County. As a result of correspondence between the McMillens and appellants, the McMillens came to Van Buren County on May 22, 1958 for the purpose of inspecting and purchasing property. On this date the appellants showed the McMillens the appellees' property and upon inspection the McMillens indicated they wanted to purchase this property provided they could dispose of their property in Tennessee.

After they returned to Tennessee additional correspondence ensued between appellants and the McMillens and in the last letter from the McMillens, on August 4, 1958, they advised appellants they were unable to sell their property but did have some prospects. In March, 1959, appellants wrote the McMillens but received no response. From August, 1958, until August 9, 1962 nothing further was heard from the McMillens. On this latter

date the McMillens appeared at the appellees' home and visited briefly. Upon their leaving Mrs. Robinson called appellants and advised them the McMillens were on their way to appellants' office to see them. The appellees contend that the subject of the sale of the property was not renewed nor discussed during this visit with the McMillens. The appellants contend that when the Mc-Millens came by their office the subject was discussed. Further, when Mrs. Robinson called she importuned appellants to "do your best". Mrs. McMillen testified that at this time they had not been able to sell their property in Tennessee and, therefore, were not interested in purchasing the Robinson property. She testified that she and her husband, now deceased, were on a vacation and did not renew a discussion of their purchase of the property with either appellees or appellants. On September 8, 1962, or a month later, they came to the Robinson home and inquired if the property was still for sale as they were interested again since they had found a buyer for their property in Tennessee. The Robinsons, appellees, advised they would sell them their property for $11,500.00 cash, whereupon the McMillens inquired whether they should deal with the appellants. To this the Robinsons replied that they considered the exclusive listing terminated as of two years previously. This is denied by appellants. The McMillens agreed to the purchase for $11,500.00 cash without contacting the appellants. The McMillens left town that day. The next day the appellees called the appellants and asked that they come to the appellees' home. When the appellants arrived they were advised by the appellees of the transaction with the McMillens and they wanted to have an understanding about the commission. Upon appellants' refusal to agree to a reduction in their commission the appellees proceeded to close the sale on September 12, 1962 without the proffered assistance of appellants. The appellants had shown the property to other prospective customers and at the reduced sale price of $12,000.00.

Upon appellees' refusal to pay the appellants a commission of ten per cent (10%) on the sale price of this

property, the present action was instituted. The appellees took the position that the appellants did not procure the McMillens as purchasers and further that the contract was modified by oral agreement from an exclusive to an open listing.

On appeal appellants assign as error the giving of Defendants' Instruction No. 3 which reads as follows:

"Gentlemen of the jury, the plaintiffs seek to recover a commission from the defendants based upon an exclusive listing contract for the sale of the real property belonging to the defendants. The plaintiffs allege that they procured a purchaser for said lands by virtue of the authority given them by the listing contract, and are, therefore, entitled to their commission as set forth in the contract. In this connection, you are further instructed that before you would be warranted in finding for the plaintiffs, M. V. Hatchett and Dorothy Dixon Hatchett, you must find from a preponderance of the evidence that the plaintiffs procured a purchaser for the real estate involved in this cause who was ready, able and willing to buy the lands so listed upon the terms stipulated in the contract, and unless you so find, your verdict should be for the defendants, Sam M. Robinson and Leva Robinson."

Proper specific objection was made to this instruction by appellants. The instruction was both abstract and confusing in that it tells the jury a purchaser must be found ready, able and willing to buy when it is undisputed that the property was paid for in cash by purchasers who were originally discovered by appellants through their advertising and later contacts and showing of the property. We said in the case of *Sharp* v. *West,* 176 Ark. 616, 3 S. W. 2d 692, that: "* * * There could be no better evidence of one's being ready, able and willing to buy than the fact that he did actually buy."

The instruction also provided that the purchasers procured must be ready, able and willing to buy *upon the terms stipulated in the contract* or the verdict should

be for the defendants. The contract provides for the payment of a commission if sold on the stated terms of $13,000.00 [$5,000.00 down payment and balance at 6% interest payable $75.00 per month]. It also provides for payment of a commission "if sold at any other price and on any other terms" acceptable to appellees. The property sold for $11,500.00 cash. We think the Instruction should have made adequate reference to "other terms".

In the case of *Stiewel* v. *Lally,* 89 Ark. 195, 115 S. W. 1134, we said:

"There are authorities holding that, even where the owner, in order to make a sale to a purchaser brought by the agent, is compelled to vary the original price or terms, the agent is entitled to commission on the sale. [Citing cases] * * * We find nothing in the law as stated by the authorities which declares that the procuring agent shall be denied his compensation on account of a modification of the original terms as proposed to the agent."

Consequently the giving of this Instruction was erroneous and constituted reversible error.

The appellants further contend that the Court erred in giving Defendants' Instruction No. 4 which reads as follows:

"The defendants, Sam M. Robinson and Leva Robinson, contend as a matter of defense to plaintiffs' complaint that prior to the sale of said lands by defendants, it was agreed by and between plaintiffs and defendants that the exclusive listing contract, upon which plaintiffs action is based was modified by oral agreement to the extent that said listing would cease to be an exclusive one, and that same would continue as an open listing with the right in defendants to sell the land in question to anyone not procured by plaintiffs without liability to plaintiffs for a brokers commission. In this connection, you are further told that under the law that parties to any contract may modify it by an oral agreement. If you find from a preponderance of the evidence that

plaintiffs and defendants orally agreed to modify the original listing contract by changing the exclusive listing to an open listing agreement which would permit defendants to sell and dispose of their property to one not procured by plaintiffs, without liability to plaintiffs for a commission, your verdict should be for the defendants.''

This instruction is abstract in that it instructs on matters not in the evidence. Proper specific objection was made to this instruction and it should not have been given under the facts in this case.

It is true that parties to a written agreement may orally modify the terms by *mutual* agreement or *consent* of the contracting parties. *Haering Oil Company* v. *Beasley,* 221 Ark. 607, 254 S. W. 2d 951. If there was a mutual agreement between the parties in the case at bar there is no evidence of such in the record before us. Mrs. Robinson testified that in a conversation with Mrs. Hatchett over the telephone she withdrew the exclusive listing and left it an open listing two years prior to the date of the sale of the property. Mrs. Hatchett denies this. Treating the testimony most favorably to the appellees, Mrs. Robinson does not state that Mrs. Hatchett *agreed* to the withdrawal of the exclusive listing. In effect, she states that she *advised* Mrs. Hatchett they were going to list the property with other agents.

The judgment is reversed and the cause remanded.