WALTHOUR *v.* FINLEY.

5-3061                                    372 S. W. 2d 390

Opinion delivered October 28, 1963.

[Rehearing denied December 9, 1963.]

*H. B. Stubblefield,* for appellant.

*Warren & Bullion,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal involves a sales commission claimed by Don Finley, a licensed real estate broker, from J. D. Walthour, a landowner. Judgment of the Circuit Court was in favor of Finley, and Walthour prosecutes this appeal.

Appellant, J. D. Walthour, as Trustee, held title to a tract of 223.47 acres in Pulaski County owned by a partnership of which Walthour was a member. On September 12, 1960, appellee Finley showed the land to Mr. Brinson; and when he showed an interest in making the purchase, Finley called[1] Walthour at the latter's home

---

[1] Here is Finley's testimony as to the telephone conversation:

"A. I told Mr. Walthour I- - my name was Don Finley. I was a real estate broker, and asked him if the property was for sale. He said that it was. I asked him if it was listed with anyone. He said it was not.

and a meeting was arranged. Finley, Brinson, and Wilkins went to Walthour's home, as Walthour was not able to go to his office because of a disabling incapacity. At that meeting Brinson and Walthour agreed on the price of $1,000.00 per acre. According to Finley this was the conversation and agreement for Finley's commission:

". . . Mr. Walthour stated that a thousand dollars an acre was the least that he would take. At that time I again told Mr. Walthour that I was a broker, Mr. Brinson the buyer, and Mr. Wilkins was advising Mr. Brinson, and I also asked him if the property was listed with anyone and he said it wasn't. I asked him if it was committed to anyone and he said it wasn't. He said he, as Trustee, had the right to sell it and asked if I expected the full commission. I told him I did. He said that was all right and would it be asking—

"Q. * * * let me ask you this. Did he agree at that time to pay you the full commission?

"A. Yes.

"Q. In the presence of Mr. Brinson and Mr. Wilkins?

"A. Yes, he did."

Finley testified that Mr. Walthour directed that Finley, Brinson, and Wilkins go to Mr. J. H. Larrison, who was handling such matters for Mr. Walthour during his incapacity. The three went to Larrison's office, where a contract of purchase was signed by Brinson on behalf of Brinson Development Company, Inc.; and in keeping with the contract the Brinson Development Company, Inc. purchased the properties for $223,347.00. Upon completion of the purchase, Finley demanded of Walthour the regular 10% commission of $22,334.70,

I asked him if it was committed to anyone, and he said it wasn't. Then I told him I would like to sell the property if the price was right, and he suggested to see him at 11:00 o'clock that morning.

"Q. All right, sir. Did you tell him you had a person there, in mind, that would be a prospective purchaser?

"A. Yes, I told him that he would be out at 11:00 o'clock—that was all right."

which Walthour refused to pay; and this action was filed. The case was tried by the Circuit Judge, a jury being waived; and from the judgment in favor of Finley, Walthour prosecutes this appeal.

I. *Sufficiency Of The Evidence.* The substantial evidence is entirely sufficient to support the finding by the Trial Court that Mr. Walthour agreed to pay Finley the full commission, and that the said commission is 10% of the sale. Finley was corroborated by Wilkins as to the contract, and substantially corroborated by Brinson as to the conversation at Walthour's home, as previously copied. A contract to pay a commission to a real estate broker does not have to be in writing. *McCurry* v. *Hawkins,* 83 Ark. 202, 103 S. W. 600; *Vanemburg* v. *Duffey,* 177 Ark. 663, 7 S. W. 2d 336. When a real estate broker, acting under the contract brings buyer and seller together and the parties agree on a sale, and the sale is consummated, then the real estate broker is entitled to the agreed commission. *Belyeu* v. *Hudson,* 179 Ark. 657, 17 S. W. 2d 865; *Sharp* v. *West,* 176 Ark. 616, 3 S. W. 2d 692; *Fike* v. *Newlin,* 225 Ark. 369, 282 S. W. 2d 604.

The evidence was conflicting as to what Mr. Walthour said; and subsequent statements by Finley were offered in an effort to show that he had agreed to receive only $9,000.00 as the commission; but the weighing of all such testimony was for the trier of the facts. The finding of the Trial Court in a case like this one has the force and effect of a jury verdict; and we leave undisturbed such finding as to the contract and the commission.[2]

[2] The Circuit Court judgment as to these specific findings reads: "At the request of the plaintiff, the complaint of the Plaintiff is amended to conform to the proof in the case. A preponderance of the evidence and the applicable law justify the following findings and conclusions:

"1. The plaintiff and defendant entered into a contract for the commission claimed by plaintiff.

"2. The plea of *res judicata* does not afford the defendant any relief in this case. . . .

"6. That defendant may have, through the listing and the subsequent agreement with Finley, subjected himself to liability for two commissions, but payment to Walthour-Flake would not discharge the obligation of defendant to Finley.

II. *Res Judicata.* The more serious issue is whether Finley has been defeated of his commission because of Walthour's plea of *res judicata;* and we proceed to that point. Walthour completed the sale to Brinson Development Company, Inc. on January 17, 1961, for a total consideration of $223,347.00; and on January 24, 1961, there was filed in the Pulaski Chancery Court Case No. 116925 styled Bill of Interpleader. The only plaintiff was "Walthour-Flake Company, Inc."; and the only defendants were "Don Finley and Ferguson & Company, Inc." The Bill of Interpleader alleged that Walthour-Flake Company, Inc. was a corporation engaged as a real estate broker; that it had recently concluded a sale of the 223.47 acres (here involved) to Brinson Development Company, Inc.; that Walthour-Flake Company, Inc. had received the commission for making the sale; and that of the total commission received, Walthour-Flake Company, Inc. owed the sum of $9,000.00 to either Don Finley or to Ferguson & Company, Inc., another real estate broker. The Bill interpleaded $9,000.00 and called on the named defendants to establish their respective claims for the interpleaded fund.[3]

It will be observed that the Bill of Interpleader did not mention the name of J. D. Walthour, nor did it state for whom Walthour-Flake Company, Inc. acted as a broker in making the sale of the 223.47 acres. Summons was served on Don Finley; and in due time he filed answer in said interpleader suit, which answer stated:

"7. The fact that the Agent of the defendant performed certain acts in connection with clearing title to the property involved, could not mitigate against plaintiff since the obligation to furnish the purchaser a merchantable title rested on the seller.

"8. The proof fails to show that the plaintiff Finley ever entered into any agreement for a division of the commission between himself and anyone else.

"9. That the proof fails to establish any agreement on the part of Finley to split his commission with anyone.

"From a consideration of all of the evidence, the pleadings, the briefs and the arguments, the Court is of the opinion that the plaintiff should have and recover from the defendant the sum of $22,334.70."

[3] The prayer of the Bill was in part:

"WHEREFORE, plaintiff prays a proper and immediate order of this Court enjoining and restraining each and both of defendants herein, their agents and employees, from instituting or prosecuting any suit or proceeding in any other Court to assert any claim against plain-

"1. Defendant, a duly licensed real estate broker, acted as real estate broker for the owner of the property described in said Bill of Interpleader, and during the month of January, 1961, consummated a sale to Brinson Development Company, Inc. That, at the time of the negotiation of the sale, the owner of the property, J. D. Walthour, agreed to pay the defendant, Don Finley, a commission of $22,300.00, which is usual and customary as a commission on the sale of rural properties. At no time prior to the sale of the property was the defendant, Don Finley, informed or aware of the fact that Walthour-Flake Company, Inc. had any interest in said property. Defendant, Don Finley, has no privity of contract with Walthour-Flake Company, Inc., but has a legitimate claim against the owner of the property for the full commission of $22,300.00 as his proper brokerage fee. The defendant denies that Walthour-Flake Company, Inc. has any legal right to file a Bill of Interpleader against the defendant and thus inject itself into the transaction in the place of or in the stead of the owner to whom defendant looks for the payment of his brokerage fee. Defendant asserts that the act of the plaintiff herein in seeking to interplead $9,000.00 which it received from a source unknown to the defendant, is contrary to law and that said Bill of Interpleader should be dismissed as to this defendant."

On February 3, 1961, Finley sent to J. D. Walthour a registered letter reading:

"Dear Mr. Walthour: Will you please send by return mail the check for the full commission on the sale of the 223.47 acres as we agreed. The amount of the check is $22,347.00. Yours sincerely, (signed) Don R. Finley."

In the interpleader suit Ferguson & Company, Inc. asserted the right to the $9,000.00 interpleaded by Wal-

tiff growing out of the real estate sale described herein; that defendants and each of them be required to interplead and settle among themselves their rights to said funds deposited in the registry of this Court by plaintiff; that plaintiff be fully and forever released and discharged from all liability on account of and in connection with claims for commissions from the sale of said 223 acre tract of land; ..."

thour-Flake Company, Inc.; and on February 16, 1961, the Pulaski Chancery Court entered a decree in the said interpleader suit awarding the $9,000.00 to Ferguson, after having recited that Don Finley made no claim against Walthour-Flake and there was, therefore, no adverse claimant to the $9,000.00 interpleaded by Walthour-Flake Company, Inc.

It is this interpleader suit and the decree therein that is now pleaded by J. D. Walthour as *res judicata* in the present action brought by Don Finley against J. D. Walthour. The rules as to when one suit or action is *res judicata* in a subsequent suit or action have been recognized and declared in many of our cases, some of which are: *Geisreiter v. Sevier,* 33 Ark. 522; *Fogel v. Butler,* 96 Ark. 87, 131 S. W. 211; *Cleveland-McLeod Lbr. Co. v. McLeod,* 96 Ark. 405, 131 S. W. 878; *Williamson v. Grider,* 97 Ark. 588, 135 S. W. 361; *Biederman v. Parker,* 105 Ark. 86, 150 S. W. 397; *Mo. Pac. v. McGuire,* 205 Ark. 658, 169 S. W. 2d 872; *Hatch v. Scott,* 210 Ark. 665, 197 S. W. 2d 559; *C. & L. Elec. Coop. v. Kincaid,* 221 Ark. 450, 256 S. W. 2d 337; *Seaboard v. Wright,* 223 Ark. 351, 266 S. W. 2d 70; *Risser v. City of Little Rock,* 225 Ark. 318, 281 S. W. 2d 949; *Baumgartner v. Rogers,* 233 Ark. 387, 345 S. W. 2d 476; *Selig v. Barnett,* 233 Ark. 900, 350 S. W. 2d 176.

In *Mo. Pac. v. McGuire, supra* and in *Selig v. Barnett, supra,* we briefly stated the general rule of *res judicata:*

"Briefly stated, (the doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.")

In *Biederman v. Parker, supra,* we said:

"It is well settled that a judgment is only conclusive between the parties or their privies. *Avera v. Rice,* 64

Ark. 330; *Treadwell* v. *Pitts,* 64 Ark. 447; *Doss* v. *Long Prairie Levee Dist.,* 96 Ark. 454.''

In *Fogel* v. *Butler, supra,* we quoted an earlier case:

'' 'To render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear, by the record, or by extrinsic evidence, that the particular matter sought to be concluded was raised and determined in the prior suit.' ''

In *Hatch* v. *Scott, supra,* we said:

''In *Smith* v. *McNeal,* 109 U. S. 426, (3 S. Ct. 319, 27 L. Ed. 986), the court, quoting from *Hughes* v. *U. S.,* 4 Wall. 232, 18 L. Ed. 303, said: 'In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases . . .' ''

In *C. & L. Rural Elec. Coop.* v. *Kincaid, supra,* we said:

''As to the defense of *res judicata,* we think it without merit and can have no application here for the reason that the parties are not the same as in the McEntire suit and the issues and subject matter in the present case are entirely different. It is well settled that *res judicata* only applies to parties and their privies.''

When we apply the law from these cases, as above quoted, to the facts in the case before us, it is clearly apparent that the rule of *res judicata* was not a valid defense by Walthour. There was no identity of parties. The Interpleader suit was by Walthour-Flake Company, Inc. against Don Finley, whereas the present action is between J. D. Walthour and Don Finley. It was shown in the present case that Walthour-Flake Company, Inc. is an Arkansas corporation, with certain named stockholders. The fact that J. D. Walthour owned stock in Walthour-Flake Company, Inc. did not, in itself, make J. D. Walthour identical with or a privy to a suit brought by Walthour-Flake Company, Inc. J. D. Walthour was

not a party to the Bill of Interpleader filed by Walthour-Flake Company, Inc. The name of J. D. Walthour did not appear in the Bill, nor did the Bill state for whom Walthour-Flake Company, Inc. had acted as a broker in making the sale of the 223.47 acres. There was no identity of subject matter between the interpleader suit and the present action. In the interpleader suit the sum of $9,000.00 was deposited by Walthour-Flake Company, Inc.; and Don Finley and Ferguson & Company, Inc. were required to establish claims to the said fund. Finley frankly answered that he had engaged in no dealings with Walthour-Flake Company, Inc. and had no claim to any amount which that corporation held; he stated that his claim was against J. D. Walthour; he proceeded to prosecute that claim in the present action; and the decree in the interpleader suit is not *res judicata* against the present action.

Finding no error, the judgment is affirmed.