Felix GREEN *v.* John D. TONEY et al

74-346 520 S.W. 2d 290

Opinion delivered March 24, 1975

*O. M. Young* and *Wayne W. Owen,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

GEORGE ROSE SMITH, Justice. Felix Green appeals from a verdict and judgment awarding the two appellees, John D. Toney and Block Realty Company, a $10,000 real estate broker's commission for having procured the purchaser for a 20-acre tract of land sold by Green. Green contends primarily that he was entitled to a directed verdict, on the ground that there was no substantial evidence that the brokers' services contributed to the ultimate sale of the property. We agree with the trial judge's conclusion that the proof presented a jury question.

The facts are not essentially in dispute. In 1970 John B. May, the eventual purchaser of the land, was a contractor engaged in building apartments. Harold Dreyfuss, an associate or employee of Block Realty Company, had previously assisted May in finding property suitable for development. In the spring of 1970 May was in the market for an apartment-complex site. He turned to Dreyfuss for assistance.

Dreyfuss discussed the matter with Toney, another real estate broker, who was acquainted with Green and knew that Green owned a suitable 38-acre tract. On May 22, 1970, the parties signed an option agreement, pursuant to which May paid $1,000 for a six-month option to purchase 20 acres of Green's land for $100,000. The agreement obligated Green to pay a $10,000 commission to Toney and Block upon the exercise of the option.

It was May's practice to obtain an option upon a piece of land and then attempt to arrange financing for its purchase and development. In this instance he was unable to obtain financing within the six months. Shortly before the expiration of that period Green called May and learned that he would not be able to exercise the option.

Dreyfuss died before the expiration of the option. After that Toney continued his efforts to sell the property and found two prospective buyers. He testified that on January 7 or 8, 1972, he submitted an offer for the entire 38 acres that met all of Green's stipulations. Green, according to Toney, declined that offer for "personal reasons." Green (who is himself in the real estate business) testified that if he had sold the property to Toney's prospect he would have paid a commission. Green was not asked to explain his personal reasons for rejecting the offer. Only four or five days later, on January 12, Green agreed to sell the 38-acre tract to May for $200,-000, which Green admits to have been his price all along for the whole tract. The appellees' $10,000 commission, however, is based only upon the twenty acres covered by the option.

Green, in the trial court and again here, disclaims liability upon the twofold basis that the sale was not completed

within the six-month term of the option and that the brokers' efforts were not a factor in the final sale. As to the first aspect of the argument, May's failure to exercise his option is not conclusive. If May had bought the property five minutes after the expiration of the option the brokers' right to a commission could hardly be disputed, while if the purchase had been made five years later Green's position would be equally strong. Between the extremes there is a middle ground that falls within the jury's province.

A parallel situation involving an option agreement was considered in *Cole* v. *Crump*, 174 Mo. App. 215, 156 S.W. 769 (1913). There the broker found a prospect who agreed to a 65-day option to purchase the land at $60 an acre, but that prospect did not actually buy the property until four months after the expiration of a one-year extension of the option, and then he paid an increased price. In holding that a jury question was presented the court declared that though the broker "did not personally obtain the extension of the option, and though he was not actively participating when the deal was finally closed, and though the final conveyance was made after the option had expired as an enforceable obligation, he is nevertheless entitled to his commissions if it appears to the satisfaction of the jury that he was the procuring cause of the sale, and defendants received the benefit of his services thereabout. This is true, even though defendants subsequently consummated the transation with the purchaser under a modified agreement with him whereby the original price of $60 per acre was advanced to $65." Another similar case, recognizing the broker's right to recover although the sale was made after the expiration of the option to purchase, is *Freeman* v. *Kinston Mfg. Co.*, 233 F. 58 (4th Cir. 1916).

As to the second phase of Green's argument, there is substantial evidence to support the jury's conclusion that the brokers were the procuring cause of the sale to May. It is undisputed that the brokers first brought May into the picture, as a prospective buyer. The jury may have concluded that Green's unexplained rejection of one of the brokers' prospects, followed by his acceptance of another within a few days, was an effort to avoid the payment of a commission. Inasmuch as the appellees claim compensation only with

regard to the original 20 acres, it is immaterial that the final sale included other property. *Belyeu* v. *Hudson,* 179 Ark. 657, 17 S.W. 2d 865 (1929); *Chandler* v. *Gaines-Ferguson Realty Co.,* 145 Ark. 262, 224 S.W. 484 (1920).

We do not consider our decision in *Johnson* v. *Knowles,* 169 Ark. 1089, 277 S.W. 868 (1925), to be controlling. There the broker's prospect positively rejected the property at first and changed her mind later after she had occupied it as a tenant. Our conclusion was: "The sale in the present suit did not result from any act or course of conduct whatever of the plaintiff." No such unequivocal statement can be made upon the proof in the case at hand. The controlling issue was for the jury's determination.

We find no error in the trial court's instructions to the jury. Instruction 6 submitted the issues essentially as we have discussed them; there was no request that there be included an explanation of the possibility that the brokers had abandoned their efforts to sell the land to May. Green also complains of the court's refusal to give two of his proffered instructions. Both of them, however, suggested that the brokers could not recover unless May exercised his option to purchase within the six months allowed. We have already seen that such a contention is not sound.

Affirmed.

BYRD, J., not participating.